UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RACHEL SPIVACK, <br><br> Plaintiff <br><br> v. <br><br> CITY OF PHILADELPHIA, LAWRENCE S. KRASNER, <br><br> Defendants | No. 2:22-cv-01438-PD |

## ORDER

AND NOW, this          day of                          , 2022 upon consideration

of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction and Defendant

City of Philadelphia's Response in Opposition,

It is hereby ORDERED that Plaintiff's Motion against the City of Philadelphia is

DENIED.

BY THE COURT:

_____

, J.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RACHEL SPIVACK, | |
| Plaintiff | |
| v. | No. 2:22-cv-01438-PD |
| CITY OF PHILADELPHIA, LAWRENCE S. KRASNER, | |
| Defendants | |

## DEFENDANT CITY OF PHILADELPHIA'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

The City of Philadelphia, through its undersigned counsel, files this response in opposition to Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction.

**I.     Background**

The COVID-19 pandemic has shaped the lives of every Philadelphia in some manner or another since March of 2020 when the pandemic emerged in earnest. In response, the City of Philadelphia ("City") employed a battery of measures designed to combat the spread of the virus both among the general public and between employees. The City implemented a vaccine mandate as one of those measures.

On August 11, 2021 the City issued an indoor mask and vaccination mandate that required City employees to become a least partially vaccinated by September 1, 2021. (*Exhibit A, City Vaccine Mandate*). The City reaffirmed this policy on October 22, 2021 and extended the compliance deadline for non-represented employees to December 1, 2021. (*Exhibit B, City*

*Extension of Vaccine Mandate*). The policy stated that vaccination was mandatory for all employees but also described the ability to obtain a medical or religious exemption. The City also provided employees with a form upon which to request an exemption. (*Exhibit C, City Religious and Medical Exemption Request Forms*). These exemption requests were processed by the Employee Relations Unit ("ERU") and generally approved. Approved medical and religious exemptions allows the requestor to forgo vaccination and don a face covering at all times in the workplace.

On November 5, 2021 the City supplemented its official vaccination policy with a frequently asked questions ("FAQ") document to help employees understand the policy. (*Exhibit D, Vaccination Mandate FAQ*). This FAQ clarified that independently elected offices, such as the Office of the District Attorney ("DAO"), would be responsible for setting their own vaccination policies. Indeed, the DAO issued its own vaccination policy separate from the City with a different exemption form and review process. (*Exhibit E, DAO Vaccination Policy; Exhibit F, DAO Religious Exemption Form – Rachel Spivak, attached to the Complaint*). In addition to the distinct vaccine policy and forms, the DAO implemented an additional level of review of exemption requests, apparently comprised of DAO leadership. Both the vaccine policy and exemption request form offered by the DAO differ from the City vaccination policy and exemption request form. (*See, Exhibit G, Declaration of Michael Zaccagni*).

Regarding Plaintiff, the City never reviewed her request for a religious exemption. (*Exhibit G, Declaration of Michael Zaccagni*). The entire process, from the form used to the review process, was wholly within the DAO. The request was never forwarded to the ERU nor was it reviewed at all by the City review team. The DAO is entirely responsible for the review and denial of the exemption request by Plaintiff. (*Id.*)

## II. Argument

To obtain a preliminary injunction a plaintiff must establish that: (1) a reasonable probability of eventual success in the litigation; and (2) that it will be irreparably injured ... if relief is not granted; (3) the possibility of harm to other interested persons from the grant or denial of the injunction; and (4) the public interest. *Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017) (*quoting Del. River Port Auth. V. Transamerican Trailer Transport, Inc.*, 501 F.2d 917, 919-20 (3d Cir. 1974)). The standard for a temporary restraining order are the same as those for a preliminary injunction. *Pileggi v. Aichele*, 843 F.Supp.2d 584, 591-92 (E.D.Pa. 2012) (*citing Kos Pharm., Inc., v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)). The failure to establish at least the first two elements counsels in favor of the denial of a preliminary injunction. *Id.* At 179.

With respect to the City, Plaintiff is not able to meet the first two prongs—she cannot show that she will win on the merits against the City, and that she will be irreparably harmed by the City absent a preliminary injunction. Plaintiff was employed as an Assistant District Attorney ("ADA") in the DAO. The District Attorney is an independent elected official, who can implement his own employment policy. *Cf. Carter v. City of Philadelphia,* 181 F.3d 339, 352 (3d Cir. 1999). Consequently, the District Attorney enjoys considerable discretion in the administrative functions of his office, including personnel matters and policy. Here, the employment decision made by the DAO—to implement a different medical and religious exemption review than the City as a whole—was performed solely by the DAO. The City did not develop, influence, review, or finalize the DAO's vaccination plan or the DAO's religious exemption application. The District Attorney is an independently elected official with an independent office, whose employment decisions generally are not subject to the authority or

3

control of any City employee or officer. Simply put—the City is not in a position to force the DAO to act nor is there any colorable claim against the City since it did not create, consult nor approve the religious exemption form used by the DAO, nor did it review Plaintiff's exemption request at any level.

Consequently, Plaintiff's motion for a temporary restraining order and preliminary injunction against the City is misplaced. The City's vaccination policy only applies to exempt, non-represented employees who are not employed in an independently elected office—it does not apply to Plaintiff. Instead, Plaintiff complains of a policy that was developed solely by the DAO, where the District Attorney has considerable discretion in the administration of that office. The District Attorney manages the affairs of the DAO, answering only to the voting public—not the City of Philadelphia. Resultingly, the City of Philadelphia did not impose its own vaccination policy on DAO employees, rightfully leaving that discretion the District Attorney. Thus, the policy about which Plaintiff complains is not under the control of the City of Philadelphia—only the DAO. To the extent Plaintiff seeks a modification of a vaccination policy or of an exemption request rendered under that policy, the City of Philadelphia is not the institution which can implement that modification.

Accordingly, Defendant City requests that the Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction against the City be denied in its entirety and the City of Philadelphia be dismissed from the matter.

**CLARK HILL PLC**

DATED: May 13, 2022

*/s/ Lauri A. Kavulich*
Lauri A. Kavulich, Esquire (PA 56476)
Jakob Williams, Esquire (PA 329359)
2001 Market Street, Suite 2620
Philadelphia, PA  19103
(215) 640-8500
*Attorneys for Defendant,*
*City of Philadelphia*

## CERTIFICATE OF SERVICE

I, Lauri A. Kavulich, Esquire, hereby certify that on May 13, 2022, the foregoing **DEFENDANT CITY OF PHILADELPHIA'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** was served via CM/ECF upon all counsel of record.

CLARK HILL PLC


*/s/ Lauri A. Kavulich*
Lauri A. Kavulich