UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RACHEL SPIVACK,<br><br>            Plaintiff,<br><br>    v.<br><br>CITY OF PHILADELPHIA and<br>LAWRENCE S. KRASNER,<br><br>            Defendants. | CIVIL ACTION<br><br>NO. 2:22-cv-01438 |

**DEFENDANT LAWRENCE S. KRASNER'S MEMORANDUM OF LAW IN
OPPOSITION TO PLAINTIFF'S
MOTION FOR A TEMPORARY RESTRAINING ORDER
<u>AND PRELIMINARY INJUNCTION</u>**

David Smith
Anne E. Kane
Samantha Banks
S<small>CHNADER</small> H<small>ARRISON</small> S<small>EGAL</small> & L<small>EWIS LLP</small>
1600 Market Street, Suite 3600
Philadelphia, PA 19103
215-751-2259 (tel)
215-751-2205 (fax)

*Counsel for Defendant Lawrence S. Krasner*

**TABLE OF CONTENTS**

                                                                                                       **Page**

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND ........................................................................................................................ 2

ARGUMENT .............................................................................................................................. 3

I.       Plaintiff Cannot Demonstrate Irreparable Injury ................................................................ 4

II.     Plaintiff Cannot Demonstrate A Likelihood of Success on the Merits ............................... 6

         A.      Vaccine Mandates Have Long Been Held Constitutional ................................. 6

         B.      The DAO Vaccine Mandate Easily Satisfies Rational Basis Review ............................ 7

         C.      The DAO Vaccine Mandate Does Not Favor Secular Objections Over Religious Objections ................................................................................................................ 8

         D.      The DOA Vaccine Mandate Passes Constitutional Muster Even Under Strict Scrutiny Review .................................................................................................. 10

         E.      The DAO Vaccine Mandate Does Not Violate the PRFPA ......................................... 12

III.    The Balance of Harms and the Public Interest Favor Denial of the Requested Injunction ............................................................................................................................. 13

CONCLUSION ........................................................................................................................ 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Air Force Officer v. Austin*,
 2022 WL 468799 (M.D. Ga. Feb. 15, 2022)...............................................................................6

*Bacon v. Woodward*,
 2021 WL 5183059 (E.D. Wash. Nov. 8. 2021) ..........................................................................4

*Bauer v. Summey*,
 2021 WL 4900922 (D.S.C. Oct. 21, 2021) .................................................................................4

*Beckerich v. St. Elizabeth Med. Ctr.*,
 2021 WL 4398027 (E.D. Ky. Sept. 24, 2021) ............................................................................5

*Brown v. City of Pittsburgh*,
 586 F.3d 263 (3d Cir. 2009).....................................................................................................13

*BST Holdings, LLC v. Occupational Safety and Health Admin*,
 17 F.4th 604 (5th Cir. 2021) ......................................................................................................6

*Church of Lukumi Babalu Aye, Inc. v. Hialeah*,
 508 U.S. 520 (1993)...................................................................................................................9

*Cunningham v. City of Shreveport*,
 407 F. Supp. 3d 595 (W.D. La. 2019)........................................................................................9

*Dahl v. Bd. of Trustees of W. Michigan Univ.*,
 15 F.4th 728 (6th Cir. 2021) ......................................................................................................5

*Doe v. Zucker*,
 520 F. Supp. 3d 217 (N.D.N.Y. 2021).....................................................................................12

*FOP Newark Lodge No. 12 v. City of Newark*,
 170 F.3d 359 (3d Cir. 1999).......................................................................................................9

*Fulton v. City of Philadelphia*,
 141 S. Ct. 1868 (2021)...............................................................................................................9

*Harsman v. Cincinnati Children's Hosp. Med Ctr.*,
 2021 WL 4504245 (S.D. Ohio Sept. 30, 2021) .........................................................................5

*Hoxworth v. Blinder, Robinson & Co., Inc.*,
 903 F.2d 186 (3d Cir. 1990)...................................................................................................3, 6

*Jacobson v. Massachusetts*,
    197 U.S. 11 (1905) .................................................................................................. *passim*

*Johnson v. Brown*,
    2021 WL 4846060 (D. Or. Oct. 18, 2021) ................................................................4

*Kane v. de Blasio*,
    2021 WL 5909134 (S.D.N.Y. Dec. 14, 2021) ..........................................................4

*Litzman v. N.Y. City Police Dep't*,
    2013 WL 6049066 (S.D.N.Y. 2013) .........................................................................9

*Mass. Correction Officers Federated Union v. Baker*,
    2021 WL 4822154 (D. Mass. Oct. 15, 2021) ............................................................5

*Moteles v. Univ. of Pa.*,
    730 F.2d 913 (3d Cir. 1984) .....................................................................................4

*Nikolao v. Lyon*,
    875 F.3d 310 (6th Cir. 2017) ....................................................................................7

*Novartis Consumer Health, Inc. v. Johnson & Johnson-Merk Consumer Pharms. Co.*,
    290 F.3d 578 (3d Cir. 2002) .....................................................................................3

*Phillips v. City of New York*,
    775 F.3d 538 (2d Cir. 2015) ................................................................................7, 11

*Prince v. Massachusetts*,
    321 U.S. 158 (1944) .................................................................................................7

*Reilly v. City of Harrisburg*,
    858 F.3d 173 (3d Cir. 2017) .....................................................................................3

*Roman Cath. Diocese of Brooklyn v. Cuomo*,
    141 S. Ct. 63 (2020) ...............................................................................................10

*S. Bay United Pentecostal Church v. Newsom*,
    140 S. Ct. 1613 (2020) ...........................................................................................12

*Sambrano v. United Airlines, Inc.*,
    2022 WL 486610 (5th Cir. 2022) .............................................................................5

*Sampson v. Murray*,
    415 U.S. 61 (1974) ................................................................................................4, 6

*Singh v. McHugh*,
    109 F. Supp. 3d 72 (D.D.C. 2016) ............................................................................9

*Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly*,
 309 F.3d 144 (3d Cir. 2002)..................................................................................5

*U.S. Navy Seals 1-26 v. Austin*,
 27 F.4th 336 (5th Cir. 2022) ...................................................................................5

*U.S. R. Retirement Bd. v. Fritz*,
 449 U.S. 166 (1980)................................................................................................8

*U.S. v. Donziger*,
 2020 WL 5152162 (S.D.N.Y. 2020)......................................................................10

*Valdez v. Grisham*,
 559 F.Supp.3d 1161 (D.N.M. 2021) .......................................................................5

*We the Patriots USA, Inc. v. Hochul*,
 17 F.4th 266 (2d Cir. 2021) ......................................................................4, 7, 9, 10

*Whitlow v. Cal. Dep't of Educ.*,
 203 F.Supp.3d 1079 (S.D. Cal. 2016)...............................................................6, 7, 9

*Winter v. Nat. Res. Def. Council, Inc.*,
 555 U.S. 7 (2008)....................................................................................................3

*Wise v. Inslee*,
 2021 WL 4951571 (E.D. Wash. Oct. 25, 2021) .....................................................4

*Workman v. Mingo Cty. Bd. of Educ.*,
 419 F. App'x 348 (4th Cir. 2011) ...........................................................................7

**Statutes**

71 Pa. Stat. Ann. § 2404(b)................................................................................1, 4, 13

Defendant Lawrence S. Krasner respectfully submits this memorandum of law in opposition to Plaintiff's motion, dated May 4, 2022, for a temporary restraining order and preliminary injunction.

## PRELIMINARY STATEMENT

For over two years, District Attorney Krasner and the Philadelphia District Attorney's Office (the "DAO") have faced unprecedented challenges maintaining the operational capacity required to fulfill its constitutional responsibilities in the criminal justice system. To this end, District Attorney Krasner has implemented a COVID-19 ("Covid") vaccine mandate that requires all DAO employees to be vaccinated (unless ineligible for medical reasons) without regard to personal, political, philosophical, religious or other objections. This neutral and generally-applicable vaccine requirement is identical to the smallpox vaccine requirement the United States Supreme Court long ago deemed constitutional in *Jacobson v. Massachusetts*, 197 U.S. 11 (1905), and is rationally related to a legitimate governmental purpose. Indeed, the DAO vaccine mandate passes constitutional muster even if subjected to strict scrutiny.

Plaintiff's claims under the First Amendment free exercise clause and the Pennsylvania Religious Freedom Protection Act ("PRFPA") are without merit, and Plaintiff cannot establish any of the factors required for preliminary injunctive relief.

*First*, Plaintiff cannot, as a matter of law, show that she will suffer irreparable harm. The law is well settled that adverse employment consequences – including the loss of employment and related injuries (the very damages Plaintiff seeks in her April 12, 2022 complaint) – do not justify injunctive relief because those consequences are fully compensable by reinstatement and money damages, if warranted. Plaintiff separated from the DAO in early

April 2022, and has at all times been free to follow her religious beliefs. The requested injunction must be denied for this reason alone.

*Second*, Plaintiff cannot show a likelihood of success on the merits. The United States Supreme Court has held that neutral and generally applicable vaccination requirements are constitutional. The DAO vaccine mandate applies to all DAO staff regardless of their religious or non-religious objections to vaccination, and exempts only those for whom the vaccine is contraindicated (a single DAO employee qualified for this limited medical exemption). The DAO vaccine mandate easily satisfies rational basis review and even, although not applicable here, strict scrutiny.

*Third*, the balancing of the equities and the public interest both weigh heavily against an injunction. Granting the injunction would undermine the DAO's ability to maintain the staffing needed to fulfill its constitutional obligations and seriously compromise its ability to protect the health and safety of DAO employees and their families (some of whom have underlying health conditions that place them at heightened risk if exposed). In contrast, denying the injunction would do no more than require Plaintiff to prove her claims at trial.

The DAO vaccine policy has not impaired Plaintiff's right to exercise her religious beliefs, but having chosen not to be vaccinated, she does not have the right to work at the DAO at the same time.

## BACKGROUND

District Attorney Krasner incorporates his Declaration, attached as Exhibit A, by way of background.

# ARGUMENT

Preliminary injunctive relief is an "extraordinary remedy, which should be granted only in limited circumstances." *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merk Consumer Pharms. Co.*, 290 F.3d 578, 586 (3d Cir. 2002). That is particularly true where, as here, Plaintiff is requesting a mandatory injunction to change, not preserve, the status quo. To obtain a preliminary injunction, the plaintiff must demonstrate (1) a significant risk of irreparable harm and (2) a substantial likelihood of success on the merits. *Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017). The absence of either of these factors precludes injunctive relief. *Hoxworth v. Blinder, Robinson & Co., Inc.*, 903 F.2d 186, 197 (3d Cir. 1990). If the moving party carries this threshold burden, the court must then balance the equities and consider "the possibility of harm to other interested persons . . . [and] the public interest." *Reilly*, 858 F.3d at 179 (citation omitted); *see Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 24 (2008) (urging careful consideration of "the public consequences in employing the extraordinary remedy of injunction").

As set forth below, Plaintiff has failed to establish either irreparable injury or a substantial likelihood of success on the merits. Nor do the equities or the public interest favor granting extraordinary injunctive relief. Accordingly, Plaintiff's motion for a temporary restraining order and preliminary injunction must be denied.

## I. Plaintiff Cannot Demonstrate Irreparable Injury

Plaintiff contends that she was forced to choose between her religious convictions and her job, and that this "choice" represents an "irreparable injury" supporting injunctive relief. Pl. Mem. at 22-23. Her own complaint shows otherwise. Plaintiff separated from the DAO on April 8, 2022. Compl. ¶ 25. Four days later, on April 12, 2022, Plaintiff initiated this action, seeking reinstatement and money damages. Compl. ¶¶ 40, 48. In the (unlikely) event that Plaintiff prevails on her First Amendment and PRFPA claims, these legal remedies will make her whole.[1]

The United States Supreme Court has long held that job loss does not constitute irreparable harm because a separated employee may, if successful on his/her claims, obtain reinstatement and back pay. *Sampson v. Murray*, 415 U.S. 61, 92, n. 68 (1974) ("When litigants seek to enjoin termination of employment, money damages ordinarily provide an appropriate remedy."); *see also Moteles v. Univ. of Pa.*, 730 F.2d 913, 919 (3d Cir. 1984) (emphasizing that "a discharge from employment with all of its attendant difficulties is not irreparable injury").

Consistent with this authority, numerous courts have held that job loss resulting from an employee's unvaccinated status does not constitute irreparable harm. *See, e.g., We the Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 294 (2d Cir. 2021), *reaff'd by We the Patriots USA, v. Hochul*, 174th 368 (2d Cir. 2021); *Kane v. de Blasio*, 2021 WL 5909134, at *4 (S.D.N.Y. Dec. 14, 2021); *Wise v. Inslee*, 2021 WL 4951571, *6 (E.D. Wash. Oct. 25, 2021); *Bauer v. Summey*, 2021 WL 4900922, at *18 (D.S.C. Oct. 21, 2021); *Johnson v. Brown*, 2021 WL 4846060, at *23-25 (D. Or. Oct. 18, 2021); *Mass. Correction Officers Federated Union v. Baker*, 2021 WL

---

[1] Plaintiff filed this motion for a temporary restraining order and preliminary junction two months after learning that she would not receive an exemption on March 7, 2022. This unexplained delay demonstrates a lack of urgency inconsistent with the alleged irreparable harm and requested emergency relief. *See Bacon v. Woodward*, 2021 WL 5183059, at *15 (E.D. Wash. Nov. 8. 2021) (holding that wait of six weeks after receiving notice of vaccine mandate and deadline for compliance implied a "lack of urgency and irreparable harm").

4822154, at *7 (D. Mass. Oct. 15, 2021); *Harsman v. Cincinnati Children's Hosp. Med Ctr.*, 2021 WL 4504245, at *4 (S.D. Ohio Sept. 30, 2021); *Beckerich v. St. Elizabeth Med. Ctr.*, 2021 WL 4398027, at *6 (E.D. Ky. Sept. 24, 2021); *Valdez v. Grisham*, 559 F.Supp.3d 1161, 1181-82 (D.N.M. 2021).

The DAO recognizes that the Third Circuit has held that "limitations on the free exercise of religion" may constitute irreparable injury in certain circumstances. *See Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly*, 309 F.3d 144, 178 (3d Cir. 2002). However the facts in *Tenafly* are readily distinguishable. In *Tenafly*, the borough sought to selectively enforce an ordinance banning installments on utility poles to prevent the Orthodox Jewish community from using the poles to maintain an *eruv* for religious purposes. *Id*. at 151-54. The district court refused to enter an injunction, finding that the planned removal of the *eruv* only incidentally burdened Orthodox Jewish community's ability to practice their religion. *Id*. at 156-57. On appeal, the Third Circuit reversed, holding that threatened "limitations on the free exercise of religion inflict irreparable injury." *Id*. at 178. The court explained:

> The plaintiffs have demonstrated that, if the *eruv* is removed, they will be unable to push and carry objects outside the home on the Sabbath, and those who are disabled or have small children consequently will be unable to attend synagogue. This showing easily satisfies the irreparable injury requirement.

*Id*. Here, unlike in *Tenafly*, Plaintiff cannot show any ongoing or threatened limitation on her religious freedom and, accordingly, there is no "irreparable injury" supporting injunctive relief.[2] Plaintiff is already separated and wants to be reinstated.

---

[2] The remaining cases cited by Plaintiff on this issue do not involve separated employees and are distinguishable on this basis alone. *Dahl v. Bd. of Trustees of W. Michigan Univ.,* 15 F.4th 728, 736 (6th Cir. 2021) (unvaccinated student athletes barred from athletic competitions); *Sambrano v. United Airlines, Inc.*, 2022 WL 486610, at *3 (5th Cir. 2022) (unvaccinated employees placed on indefinite leave); *U.S. Navy Seals 1-26 v. Austin*, 27 F.4th 336, 339 (5th Cir. 2022) (unvaccinated Navy Seals placed on non-deployment status); *Air Force Officer v. Austin*, 2022 WL 468799, *2 (M.D. Ga. feb. 15, 2022) (Air Force officer on reserve status); *BST Holdings, LLC v. Occupational Safety and Health Admin*, 17 F.4th 604, 618 (5th Cir. 2021)

Under this controlling precedent, Plaintiff will be made whole with money damages if she is successful in this litigation. The Court should deny Plaintiff's request for injunctive relief on this basis alone. *See Hoxworth*, 903 F.3d at 197.

## II. Plaintiff Cannot Demonstrate A Likelihood of Success on the Merits

### A. *Vaccine Mandates Have Long Been Held Constitutional*

"For more than 100 years, the United States Supreme Court has upheld the right of the States to enact and enforce laws requiring citizens to be vaccinated." *Whitlow v. Cal. Dep't of Educ.*, 203 F.Supp.3d 1079, 1083 (S.D. Cal. 2016). In *Jacobson v. Massachusetts*, 197 U.S. 11 (1905), the Court rejected a constitutional challenge to a mandatory smallpox vaccination imposed by the City of Cambridge upon its citizens, holding that such a measure represented a valid exercise of the State's police powers and did not "invade[] any right secured by the Federal Constitution." *Id*. at 38. The *Jacobson* Court made clear that "a community has the right to protect itself against an epidemic of disease which threatens the safety of its members" and "it was the duty of the constituted authorities to keep in view the welfare, comfort and safety of the many, and not permit the interests of the many to be subordinated to the wishes or convenience of the few." *Id*. at 27, 29. The Court in *Jacobson* envisioned a very limited role for courts to play in reviewing vaccination measures: courts should act only when the measure has "no real or substantial relation" to the "public health, the public morals, or the public safety," or when the law is "beyond all question, a plain, palpable invasion of the rights secured by fundamental law." *Id*. at 31.

Under *Jacobson*, a religious exemption is not constitutionally required. *See We The Patriots USA*, 17 F.4th at 280-81; *see also Prince v. Massachusetts*, 321 U.S. 158, 166-67

---

(nationwide injunction of OSHA emergency standard). Moreover, to the extent that these cases deviate from *Sampson* and the many other cases cited above, they are wrongly decided.

(1944) ("the right to practice religion freely does not include the liberty to expose the community . . . to communicative disease or death"). This is true even if there is a medical exemption. *Nikolao v. Lyon*, 875 F.3d 310, 316 (6th Cir. 2017) (reiterating, under *Jacobson*, mandatory vaccination laws with only medical exemptions do not violate any federal constitutional law); *Phillips v. City of New York*, 775 F.3d 538, 543 (2d Cir. 2015) (rejecting Free Exercise challenge to neutral mandatory student-vaccination requirement and holding that "New York could constitutionally require all children to be vaccinated to attend public school"); *Workman v. Mingo Cty. Bd. of Educ.*, 419 F. App'x 348, 353 (4th Cir. 2011) (rejecting Free Exercise challenge to a compulsory school vaccination law that did not permit religious exemptions); *Whitlow*, 203 F. Supp. 3d at 1084 (upholding California law that removed religious exemption to vaccination mandate, stating that "it is clear that the Constitution does not require the provision of a religious exemption to vaccination requirements . . .").

### B. *The DAO Vaccine Mandate Easily Satisfies Rational Basis Review*

The DAO vaccine mandate, like the non-discretionary mandate in *Jacobson*, exempts only an objectively-defined class of persons: individuals for whom the vaccine is contraindicated as certified by a physician. This neutral and generally applicable mandate applies to all DAO staff whose employment is subject to the District Attorney's authority (approximately 90% of the DAO workforce) and does not allow for any other medical or religious exemptions.[3] The mandate is intended to prevent the spread of a lethal disease, Covid, within the office, to minimize staffing disruptions caused by workplace exposures, and to protect

---

[3] The DAO recognizes that it originally contemplated conducting a case-by-case review of medical and religious exemption requests. *See* vaccine mandate, attached as Exhibit 1 to Plaintiff's Complaint (ECF 1). Although the DAO gave employees an opportunity to submit exemption paperwork in December 2021, District Attorney Krasner decided to change course in early 2022, as the Omicron variant took hold in Philadelphia, and instead implemented a non-discretionary mandate patterned off the *Jacobson* case. *Id.* at ¶¶ 15-17. Accordingly, the DAO did not undertake any individualized assessment of submitted exemption requests. *See infra* § C, pp. 10.

7

medically-vulnerable employees and family members. *See* Krasner Decl. at ¶¶ 11, 12. There is no question that this vaccine requirement is rationally related to a legitimate governmental interest. *See U.S. R. Retirement Bd. v. Fritz*, 449 U.S. 166, 179 (1980) (a governmental action must be upheld under the rational review standard if the government presents "plausible reasons" supporting the challenged action).

### C. *The DAO Vaccine Mandate Does Not Favor Secular Objections Over Religious Objections*

Plaintiff contends that the DAO vaccine mandate is subject to strict scrutiny because it purportedly disfavors religious objections over secular ones. Plaintiff is wrong on both the facts and the law.

*First*, Plaintiff wrongly claims that the DAO has granted numerous "medical and administrative" exemptions. To the contrary, the DAO has granted no "administrative" exceptions of any kind and only one medical exception for an employee subject to District Attorney's authority, who submitted documentation that she has a serious medical condition and that the vaccine might worsen the illness or even cause her death. *See* Krasner Decl. at ¶ 17. Personnel controlled by the City of Philadelphia, including union members, are subject to the City's vaccine requirements. *Id.* at ¶ 19. The DAO, which operates independently of the City, has adopted a stricter Covid protocol for its staff because of the unique nature of the DAO's work. *Id.*

*Second*, Plaintiff asserts that the absence of any religious exemptions demonstrates that District Attorney Krasner and the DAO proceeded in a manner "intolerant of religious beliefs" and denied exemptions "because of their religious nature." Pl. Mem. at 9 (citing *Fulton v. City of Philadelphia*, 141 S. Ct. 1868, 1877 (2021)). Nothing could be further from the truth. Concerned that the City was on the verge of yet another surge, District Attorney

8

Krasner took a conservative approach and decided to limit exemptions to employees for whom the vaccine was contraindicated and posed "a risk of serious illness or death" – the same approach deemed constitutional in *Jacobson*. *See* Krasner Decl. at ¶¶ 15-17. As discussed above, "the Constitution does not require the provision of a religious exemption to vaccination requirements." *Whitlow*, 203 F. Supp. 3d at 1084.[4] Plaintiff has not, and cannot, show that the DAO vaccine mandate is a covert "mechanism designed to persecute or oppress a religion or its practices." *Church of Lukumi Babalu Aye, Inc. v. Hialeah*, 508 U.S. 520, 531-32 (1993).

***Third***, Plaintiff claims that DAO vaccine mandate is not "generally applicable" (citing *Fulton*, 141 S. Ct. at 1877), because the DAO purportedly implemented a system of individualized assessments that permitted the DAO, in its sole discretion, to favor medical exemption requests over religious ones. *Fulton* holds that a system of "individualized assessments" triggers strict scrutiny if it "'invite[s]' the government to consider the particular reasons for a person's conduct" and thereby opens the door to anti-religious bias. *Id*. (citing *Employment Division v. Smith*, 494 U.S. 872, 884 (1990)). That did not occur here. District Attorney Krasner adopted a bright-line rule for all medical and religious exemption requests without regard to the "particularized reasons" advanced by the employee. Krasner Decl. at ¶¶ 15-17. The only exemption granted was based on a physician's certification that the employee could not be safely vaccinated – a medical fact that requires no discretion. *See We The Patriots USA,* 17 F.4th at 285 (characterizing this type of limited medical exemption as "an objectively defined category of people to whom the vaccine requirement does not apply" as certified by a medical professional).

---

4  Plaintiff simply ignores this controlling precedent and relies on a handful of inapposite religious grooming cases. *See FOP Newark Lodge No. 12 v. City of Newark*, 170 F.3d 359, 365 (3d Cir. 1999) (beard*); Litzman v. N.Y. City Police Dep't*, 2013 WL 6049066, at *3 (S.D.N.Y. 2013) (beard); *Singh v. McHugh*, 109 F. Supp. 3d 72, 93 (D.D.C. 2016) (beard); *Cunningham v. City of Shreveport*, 407 F. Supp. 3d 595, 607 (W.D. La. 2019) (beard).

9

> The "mere existence of an exemption procedure," absent any showing that secularly motivated conduct could be impermissibly favored over religiously motivated conduct, is not enough to render a law not generally applicable and subject to strict scrutiny.

*Id*. at 289.

### D. The DOA Vaccine Mandate Passes Constitutional Muster Even Under Strict Scrutiny Review

For all the above reasons, the DAO vaccine mandate qualifies as a neutral rule of general application subject to rational basis review. But even if this Court were to hold otherwise, the DAO mandate is justified by compelling governmental interests and is narrowly tailored to those interests. *See Roman Cath. Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 67 (2020) (restrictions must be justified by a compelling governmental interest and narrowly tailored to advance that interest to pass strict scrutiny review).

*First*, there is no question that the DAO has a compelling interest to safeguard DAO employees and vulnerable family members from the risk of Covid. *See Roman Cath. Diocese*, 141 S. Ct. at 67 ("stemming the spread of COVID-19 is unquestionably a compelling interest"); *see also U.S. v. Donziger*, 2020 WL 5152162, *2 (S.D.N.Y. 2020) ("limiting the spread of COVID-19 and protecting at-risk individuals from exposure to the virus are critically important public policies."). As District Attorney Krasner explains:

> Among the approximately 300 attorneys who work in the DAO as assistant district attorneys and the non-union DAO employees, some are over 65 and therefore regarded as at greater risk of serious harm if they contract Covid; some are parents of children too young to be vaccinated against Covid; some are or live with individuals who have weakened immune systems (common among those being treated for cancer, and common for other diseases) and are at greater risk of serious harm if they contract Covid; and some live with or care for elderly relatives, who are at greater risk of serious harm if they contract Covid.

Krasner Decl. at ¶ 9. The DAO also has an independent but equally compelling interest to maintain DAO staffing and operations at the levels needed to fulfill its constitutional responsibilities in the criminal justice system. *Id.* at ¶ 6.

*Second*, vaccination is the most effective and least restrictive measure available in light of the medical data and the DAO's limited resources. District Attorney Krasner implemented the DAO's vaccine mandate, based on the recommendations of leading medical experts and public health entities, because vaccines are the most effective way to "to protect the DAO workforce and their families and other participants of the criminal justice system from Covid." *Id.* at ¶ 11.

> The DAO's vaccine mandate is critical for the entire criminal justice system, including the DAO, to return to full-capacity in order to best serve the City of Philadelphia. The DAO's vaccine mandate is also critical for the DAO to protect its employees, its employees' families, their communities, victims, witnesses, the judiciary, police, court staff, jurors and DAO visitors.
>
> Masking and testing, individually or together are not acceptable substitutes for vaccination in the DAO. Masking is not an acceptable substitute because it is not feasible to prevent persons from using masks that are or have become insufficient, or are not worn correctly (tight fit and covering nose and mouth) or at all. Testing is not an acceptable substitute because it does not disclose that a person has been exposed and presents a risk to others, but the virus has not yet been detected, nor is it constant.

*Id.* at ¶¶ 12-13. Plaintiff's speculations regarding the unreliability of Covid vaccines and her own purported natural immunity do not call into question District Attorney Krasner's considered judgment and courts have routinely rejected such arguments. *See Jacobson*, 197 U.S. at 30 ("It is no part of the function of a court or a jury to determine which one of two modes was likely to be the most effective for the protection of the public against disease"); *see also Phillips*, 775 F.3d at 542 ("Plaintiffs argue that a growing body of scientific evidence demonstrates that vaccines cause more harm to society then good, but as *Jacobson* made clear, that is a determination for the legislature, not the individual objectors"); *Doe v. Zucker*, 520 F. Supp. 3d 217, 251 (N.D.N.Y.

11

2021) (in the vaccine context, the policymaker has the prerogative "to choose between opposing theories within medical and scientific communities in determining the most effective . . . way" to address community health threats). As Justice Roberts recently emphasized: it is "when officials undertake[] to act in areas fraught with medical and scientific uncertainties" that their latitude must be especially broad." *S. Bay United Pentecostal Church v. Newsom*, 140 S. Ct. 1613, 1613-14 (2020) (Roberts, C.J., concurring) (internal quotations omitted).

*Third*, vaccination is also the most effective and least restrictive measure as applied to Plaintiff specifically. At the time of her separation, Plaintiff was assigned to work for the DAO's Juvenile Diversion Unit in a non-barred position.[5] Once she passed the bar exam, she would have been assigned to an assistant district attorney position. In that role, she would need to regularly be proximate to and meet in person with victims, police, the judiciary, court personnel, witnesses, defense counsel, and countless others. She would also need to utilize large numbers of paper files on a frequent basis with her co-workers in order to carry out her duties. For these reasons, as an unvaccinated Assistant District Attorney, Plaintiff has a heightened risk of contracting Covid and a heightened risk of passing it on to others. That the DAO cannot mandate vaccines for persons outside of its control does not change this risk calculus -- it supports and heightens the DAO's need to reduce the spread of COVID by requiring vaccination of the employees under DAO authority.

### E. *The DAO Vaccine Mandate Does Not Violate the PRFPA*

Under the PRFPA, governmental action that "substantially burdens a person's free exercise of religion" must be "in furtherance of a compelling interest" and the "least

---

[5] Plaintiff did not pass the bar exam until April 2022. The DAO assigned her to a non-barred position with the juvenile diversion program in September 2021 because she could not practice law. Once she passed the bar exam, the DAO would have likely transferred her to a barred assistant district attorney position, likely prosecuting misdemeanors in Municipal Court.

12

restrictive means of furthering the compelling interest." 71 Pa. Stat. Ann. § 2404(b); *Brown v. City of Pittsburgh*, 586 F.3d 263, 285 (3d Cir. 2009). As demonstrated above, the DAO vaccine mandate passes strict scrutiny and meets this standard. *See* supra § D.

### III. The Balance of Harms and the Public Interest Favor Denial of the Requested Injunction

Both balancing of the equities and the public interest weighs decisively against an injunction that would elevate the interests of one employee over the DAO's efforts to protect both its fundamental mission, including its central goal of protecting the safety of all Philadelphians, and the health and well-being of the office. At bottom this is an employment dispute.

### CONCLUSION

For all the above reasons, District Attorney Krasner respectfully requests that the Court deny Plaintiff's motion for a temporary restraining order and preliminary injunction.

Respectfully submitted,

/s/ David Smith
David Smith (I.D. No. 21480)
Anne E. Kane (I.D. No. 81872)
Samantha Banks (I.D. No. 319401)
SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103
215-751-2259 (tel)
215-751-2205 (fax)

*Counsel for Defendant Lawrence S. Krasner*

Date: May 13, 2022