# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RACHEL SPIVACK,<br>    Plaintiff, | :<br>:<br>: |
| v. | :     Civ. No. 22-1438 |
| CITY OF PHILADELPHIA, et al.,<br>    Defendants. | :<br>:<br>:<br>: |

## O R D E R

Plaintiff Rachel Spivack moves for a Temporary Restraining Order and Preliminary Injunction requiring the Philadelphia District Attorney's Office to re-hire her despite her noncompliance with the Office's COVID-19 vaccine mandate. Because Plaintiff has not shown irreparable harm, I will deny her Motion.

### I.     BACKGROUND

Plaintiff began her employment with the Philadelphia District Attorney's Office on September 13, 2021. (Doc. No. 1.) Before the start of her employment, she was informed that all employees must show proof of COVID-19 vaccination or receive an approved exemption. (Id.) Plaintiff unsuccessfully applied for a religious exemption on September 19, 2021. (Id.) She was given fourteen days from her early March denial to comply with the vaccine requirement. (Id.) Plaintiff did not comply and, on March 21, 2022, was placed on unpaid leave. (Id.) On April 8, Plaintiff was terminated. (Id.)

On April 12, Plaintiff filed her Complaint. (Id.) On May 4, Plaintiff filed the instant Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. No. 7.) Defendants responded on May 13. (Doc. Nos. 18, 19.)

## II. LEGAL STANDARD

Rule 65 authorizes me to issue injunctive relief. See Fed. R. Civ. P. 65(a). "The standard for granting a temporary restraining order . . . is the same as that for issuing a preliminary injunction." Pileggi v. Aichele, 843 F.Supp.2d 584, 592 (E.D. Pa. 2012). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quoting 11A Wright & Miller, Fed. Prac. & Proc. § 2948 (3d ed. Apr. 2016)). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). The moving party bears the "heavy burden" of showing that these elements weigh in favor of a preliminary injunction. Republican Party of Pa. v. Cortés, No. 16-5524, 2016 WL 6525409, at *4 (E.D. Pa. Nov. 3, 2016) (citing Ferring Pharms., Inc. v. Watson Pharms., Inc., 765 F.3d 205, 210 (3d Cir. 2014), and Punnett v. Carter, 621 F.2d 578, 588 (3d Cir. 1980)). For mandatory injunctions (such as the one sought here) Plaintiff bears "a particularly heavy burden . . . requiring [her] to show a substantial likelihood of success on the merits and that [her] right to relief [is] indisputably clear." Hope v. Warden York County Prison, 972 F.3d 310, 320 (3d Cir. 2020) (quoting Acierno v. New Castle Cnty., 40 F.3d 645, 653 (3d Cir. 1994) and Trinity Indus., Inc. v. Chi. Bride & Iron Co., 735 F.3d 131, 139 (3d Cir. 2013)) (internal quotations committed).

## III. DISCUSSION

Plaintiff has not established irreparable injury. Although limitations on the free exercise of religion may, in some instances, constitute irreparable injury, Plaintiff has not established any

present threats to her religious freedom. See Tenafly Eruv Ass'n v. Borough of Tenafly, 309 F.3d 144, 178 (3d Cir. 2002). Plaintiff has already been terminated from her position and seeks reinstatement. (See Doc. No. 1.) Because she currently faces no pressure to be vaccinated, her religious freedom will not be burdened in the absence of an injunction. See We The Patriots USA, Inc. v. Hochul, 17 F.4th 266, 294–95 (2d Cir.), opinion clarified, 17 F.4th 368 (2d Cir. 2021) ("Plaintiffs are not required to perform or abstain from any action that violates their religious beliefs. Because Plaintiffs have refused to get vaccinated, they are on leave without pay. The resulting loss of income undoubtedly harms Plaintiffs, but that harm is not irreparable."); Kane v. de Blasio, 21-cv-7863, 2021 WL 5909134, at *4 (S.D.N.Y. Dec. 14, 2021). Plaintiff thus fails to allege restraints on her free exercise rights sufficient to show irreparable injury.

Nor has Plaintiff shown irreparable injury due to her termination. Job loss may typically be compensated with reinstatement and backpay if Plaintiff ultimately succeeds on her claims. Sampson v. Murray, 415 U.S. 61, 92 n.68 (1974); see also We the Patriots, 17 F.4th at 294-95 (loss of job due to refusal of vaccine on religious grounds does not give rise to irreparable harm). Plaintiff has not shown that her case is exceptional such that she cannot be compensated if she prevails. See Sampson, 415 U.S. at 92 n.68. Furthermore, her failure to move for injunctive relief for nearly a month after her termination (and some two months after she was informed that she would be terminated if she failed to get vaccinated) impugns any claim that she faces immediate, irreparable harm from Defendants' vaccine mandate. See Lanin v. Borough of Tenafly, 515 F. App'x 114, 118 (3d Cir. 2013) ("Delay in seeking enforcement of [Plaintiff's] rights . . . tends to indicate at least a reduced need for such drastic, speedy action.") (internal quotation omitted). Because Plaintiff has failed to show immediate, irreparable harm, I will deny her Motion.

\* \* \*

**AND NOW**, this 17th day of May, 2022, upon consideration of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 7); and Defendants' Responses (Doc. Nos. 18, 19), it is hereby **ORDERED** that Plaintiff's Motion is **DENIED**.

                                              **AND IT IS SO ORDERED.**

                                              */s/ Paul S. Diamond*
                                              Paul S. Diamond, J.