UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RACHEL SPIVACK,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PHILADELPHIA, LAWRENCE S. KRASNER,<br><br>Defendants. | No. 2:22-cv-01438-PD |

**DEFENDANT CITY OF PHILADELPHIA'S**
**ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND**

Pursuant to the Federal Rules of Civil Procedure, Defendant, City of Philadelphia, submits the following answer to Plaintiff's Complaint and Jury Demand as follows:

**I.   PRELIMINARY STATEMENT**

1. This paragraph is a legal conclusion to which no answer is required. To the extent a response is required, the allegations are denied.

2. Admitted to the extent Plaintiff was an employee of the District Attorney's Office, ("DAO"), and that Plaintiff objected to COVID-19 vaccination to the DAO. The remainder of these paragraphs are legal conclusions to which no answer is required To the extent a response is required, the allegations are denied. The City of Philadelphia denies that Plaintiff is entitled to injunctive and declaratory relief and compensatory damages.

**II.   JURISDICTION AND VENUE:**

3. This paragraph is a legal conclusion to which no answer is required.

4. Admitted.

1

### III. PARTIES

6. (sic.) Denied Plaintiff is a current employee of the City of Philadelphia ("City"). By way of further response, Plaintiff is a former employee of the DAO. Admitted upon information and belief as to Plaintiff's address.

7. Admitted that the City is a political subdivision of Pennsylvania. By way of further answer, the DAO is an independently elected office.

8. Admitted.

9. This paragraph is a legal conclusion to which no answer is required.

10. This paragraph is a legal conclusion to which no answer is required. However, to the extent it requires a response, Defendant City denies that it took any action with regard to Plaintiff and/or its actions deprived Plaintiff of her constitutional and statutory rights.

### IV. STATEMENT OF FACTS

11. Denied that Plaintiff received an offer of employment from the City. By way of further answer, the DAO is an independently elected office, and the DAO's recruiting and termination practices are separate from the City.

12. Denied. The allegations in this paragraph are directed towards a party other than the City and therefore no response is required. By way of further answer, the DAO is an independently elected office, and implemented its own COVID-19 policy and procedure, which was separate and apart from the City COVID-19 policy and procedure. As to Exhibit 1, the document speaks for itself.

13. Admitted upon information and belief. By way of further response, Plaintiff was employed by the DAO, an independently elected office.

14. Denied. Defendant City lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph and, therefore, they are denied. By

way of further answer, the DAO is an independently elected office, and implemented its own COVID-19 policy and procedure separate and apart from the City. Accordingly, the City did not receive a religious exemption request from Plaintiff. As to Exhibit 2, the document speaks for itself.

15. Defendant City lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph and, therefore, they are denied. By way of further answer, the DAO is an independently elected office, and implemented its own COVID-19 policy and procedure separate and apart from the City. The City did not request information from Plaintiff regarding her religious exemption request and was not involved in the review of Plaintiff's religious exemption request.

16. Defendant City lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph and, therefore, they are denied. By way of further answer, the City was not involved in the review of Plaintiff's religious exemption request. As to Exhibit 3, the document speaks for itself.

17. Defendant City lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph and therefore they are denied. Further, the City was not involved in the review of Plaintiff's exemption request. As to Exhibit 4, the document speaks for itself.

18. Defendant City lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph and, therefore, they are denied. By way of further answer, the City had a Covid-19 policy and procedure separate from the DAO and was not involved in the review of Plaintiff's religious exemption request, nor was consulted on the review of Plaintiff's religious exemption request.

ClarkHill\90035\444896\267617449.v2-6/22/22

19. Defendant City lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph and, therefore, they are denied. By way of further answer, the DAO is an independently elected office, and implemented its own COVID-19 policy and procedure separate and apart from the City's policy and procedure. The City was not involved in the review nor the determination regarding Plaintiff's accommodation request. As to Exhibit 5, the document speaks for itself.

20. The allegations in this paragraph are directed towards a party other than Defendant City and, therefore, no response is required. To the extent that a response is required, Defendant City lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph and, therefore, they are denied. By way of further answer, the DAO is an independently elected office, and implemented its own COVID-19 policy and procedure separate and apart from the City.

22. (sic). The allegations in this paragraph are directed towards a party other than Defendant City and, therefore, no response is required. To the extent that a response is required, Defendant City lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph and, therefore, they are denied. By way of further answer, the City and the DAO have separate and distinct COVID-19 policies and review procedures and the City did not participate in Plaintiff's exemption request.

23. The allegations in this paragraph are directed towards a party other than Defendant City and, therefore, no response is required. To the extent that a response is required, Defendant City lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph and, therefore, they are denied. By way of further answer, the City

ClarkHill\90035\444896\267617449.v2-6/22/22

maintains its own COVID-19 policy and review procedure separate and distinct from the DAO and did not participate in the review or communications concerning Plaintiff's exemption request.

24. The allegations in this paragraph are directed towards a party other than Defendant City and, therefore, no response is required. To the extent that a response is required, Defendant City lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph and, therefore, they are denied. By way of further answer, the DAO makes its own determinations regarding religious exemptions to and accommodations regarding the DAO COVID-19 policy.

25. Defendant City lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph and, therefore, they are denied. By way of further answer, the DAO makes its own determinations regarding religious exemptions and accommodations to the DAO COVID-19 policy. Further, the DAO, as an independently elected office makes its own employment decisions as to hiring and termination. As to Exhibit 6, the document speaks for itself.

26. The allegations in this paragraph are directed towards a party other than Defendant City and, therefore, no response is required. To the extent that a response is required, Defendant City lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph and, therefore, they are denied. By way of further answer, the City maintains its own COVID-19 policy and review procedure separate and distinct from the DAO, and the DAO makes its own determinations as to exemption and accommodation requests regarding the separate and distinct DAO COVID-19 policy.

27. The allegations in this paragraph are directed towards a party other than Defendant City and, therefore, no response is required. To the extent that a response is required, Defendant

City lacks sufficient knowledge or information to form a belief regarding the truth or falsity of the allegations in this paragraph and, therefore, they are denied. By way of further answer, the DAO makes its own determinations regarding religious exemptions to and accommodations regarding the DAO COVID-19 policy.

28. The allegations in this paragraph are directed towards a party other than Defendant City and, therefore, no response is required. To the extent that a response is required, Defendant City lacks sufficient knowledge or information to form an opinion as to the truth or falsity of these allegations, and they are therefore denied. Further, this paragraph contains conclusions of law to which no response is required.

29. The allegations in this paragraph are directed towards a party other than Defendant City and, therefore, no response is required. To the extent that a response is required, Defendant City lacks sufficient knowledge or information to form an opinion as to the truth or falsity of these allegations, and they are therefore denied. Further, this paragraph contains conclusions of law to which no response is required.

30. The allegations in this paragraph are directed towards a party other than Defendant City and, therefore, no response is required. To the extent that a response is required, Defendant City lacks sufficient knowledge or information to form an opinion as to the truth or falsity of these allegations, and they are therefore denied. Further, this paragraph contains conclusions of law to which no response is required.

31. The allegations in this paragraph are directed towards a party other than Defendant City and, therefore, no response is required. To the extent that a response is required, Defendant City lacks sufficient knowledge or information to form an opinion as to the truth or falsity of these allegations, and they are therefore denied. Regarding the accommodation that

6

ClarkHill\90035\444896\267617449.v2-6/22/22

Plaintiff alleges "Defendants" could make, it is denied as to the City, because the DAO, as an independently elected office, makes its own determinations as to the conditions of employment. In addition, the City was not involved in the review of Plaintiffs exemption and accommodation requests, as the DAO has its own COVID-19 policy and procedure separate and distinct from the City. It is denied that the City unlawfully discriminated against Plaintiff. This paragraph contains conclusions of law to which no response is required. As to the CDC publication, the document speaks for itself.

## COUNT I
### (First Amendment)
### Plaintiff v. Defendants

32. Defendant City incorporates by reference its responses to paragraph 1 to 31 as though fully set forth at length.

33. This paragraph contains legal conclusions to which no response is required.

34. Defendant city lacks sufficient knowledge or information to form an opinion as to the truth or falsity of these allegations, and they are therefore denied.

35. This paragraph is a legal conclusion to which no response is required. Defendant City denies that its COVID-19 mandate substantially burdens Plaintiff's free exercise of religion, as Plaintiff is subject to the DAO's COVID-19 policy and procedure, and not the City's COVID-19 policy and procedure, which is separate and distinct.

36. This paragraph is a legal conclusion to which no response is required. Further, Defendant City denies that its COVID-19 vaccination policy and procedure is not neutral or generally applicable. It is denied that the City COVID-19 policy and procedure disparately treats medical and administrative requests versus religious exemptions. The City COVID-19 policy and procedure is separate and distinct from the DAO COVID-19 policy and procedure. By way of

7

ClarkHill\90035\444896\267617449.v2-6/22/22

further answer, the DAO makes its own determinations regarding religious exemptions to and accommodations regarding the DAO COVID-19 policy.

37. Defendant City denies the allegations as set forth in this paragraph. To the extent that the paragraph contains a conclusion of law, no answer is required. The City COVID-19 policy and procedure is separate and distinct from the DAO COVID-19 policy and procedure. By way of further answer, the DAO makes its own determinations regarding religious exemptions to and accommodations regarding the DAO COVID-19 policy. The City was not involved in the review or determination regarding Plaintiff's exemption or accommodation request.

38. Defendant City denies the allegations as set forth in this paragraph, as the City COVID-19 policy and procedure is separate and distinct from the DAO COVID-19 policy and procedure. By way of further answer, the DAO makes its own determinations regarding exemptions to and accommodations regarding the DAO COVID-19 policy. To the extent this paragraph contains conclusions of law, no response is required.

39. Defendant City denies that Plaintiff is entitled to equitable relief from the City or that she suffered irreparable harm as a result of the City's COVID-19 policy, as the City COVID-19 policy and procedure is separate and distinct from the DAO COVID-19 policy and procedure, to which Plaintiff was subject. To the extent this paragraph contains conclusions of law, no response is required.

40. Defendant City denies that Plaintiff is entitled to a declaration that Defendant City violated Plaintiffs First Amendment right to the free exercise of religion and denies that Plaintiff is entitled to an injunction against the City COVID-19 vaccine mandate. It is further denied that Plaintiff is entitled to costs of the lawsuit, including attorneys' fees, and damages against the City.

ClarkHill\90035\444896\267617449.v2-6/22/22

# COUNT II
## (Pennsylvania Religious Freedom Protection Act)
### Plaintiff v. Defendants

41. Defendant City incorporates its answers to paragraphs 1 through 40 as though fully set forth at length.

42. This paragraph is a legal conclusion to which no response is required. To the extent it contains factual allegations, they are denied.

43. This paragraph is a legal conclusion to which no response is required. To the extent it contains factual allegations, they are denied.

44. Admitted upon information and belief that Plaintiff was terminated on April 8, 2022. The remainder of the allegations are conclusions of law to which no response is required. To the extent the paragraph contains factual allegations, they are denied.

45. This paragraph is a legal conclusion to which no response is required. To the extent the paragraph contains factual allegations, they are denied.

46. Defendant City denies the allegations as set forth in this paragraph as to the City.

47. This paragraph is a legal conclusion to which no response is required. To the extent the paragraph contains factual allegations, they are denied.

48. This paragraph is a legal conclusion to which no response is required. It is denied that Plaintiff is entitled to a declaration that the City violated Plaintiffs rights to free exercise of religion under the PRFPA or an injunction against the City's policy and employment action. The City denies that it was involved in any employment action regarding Plaintiff.

49. This paragraph is a legal conclusion to which no response is required. Defendant City denies that Plaintiff is entitled to attorneys fees and denies that it engaged in dilatory, obdurate, and vexatious deprivation of Plaintiffs rights under the PFRPA.

ClarkHill\90035\444896\267617449.v2-6/22/22

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The City acted properly, reasonably and within the confines of the law at all applicable times.

## THIRD AFFIRMATIVE DEFENSE

The City did not violate any right or duty owed to Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

The City did not violate any of Plaintiff's rights under the United States or Pennsylvania Constitutions.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim for compensatory or punitive damages. Further, Plaintiff is not entitled to punitive damages as a matter of law.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail in whole or in part because any injury she sustained was the result of actions outside the control of the City.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant City did not participate in the review of Plaintiffs exemption and accommodation requests.

## EIGHTH AFFIRMATIVE DEFENSE

The DAO COVID-19 policy was separate and distinct from Defendant City COVID-19 policy.

NINTH AFFIRMATIVE DEFENSE

The DAO COVID-19 exemption request policy and process was separate and distinct from Defendant City COVID-19 exemption request policy and process.

TENTH AFFIRMATIVE DEFENSE

The review of Plaintiff's exemption and accommodation requests were undertaken exclusively by the DAO, and Defendant City was not involved in the review of Plaintiff's exemption and accommodation requests.

WHEREFORE, Defendant City of Philadelphia respectfully requests that this Court enter judgment in favor of Defendant City of Philadelphia and against Plaintiff, dismissing all claims with prejudice, together with attorneys' fees and costs of suit and such other and further relief that this Court may deem equitable or just.

**CLARK HILL PLC**

DATED: June 21, 2022

*/s/ Lauri Kavulich*
Lauri A. Kavulich, Esquire (PA 56476)
Jakob Williams, Esquire (PA 329359)
2001 Market Street, Suite 2620
Philadelphia, PA 19103
(215) 640-8500
lkavulich@clarkhill.com
jfwilliams@clarkhill.com
*Attorneys for City of Philadelphia*

# CERTIFICATE OF SERVICE

I, Lauri Kavulich, Esquire, certify that on June 21, 2022, the foregoing **DEFENDANT CITY OF PHILADELPHIA'S ANSWER TO PLAINTIFF'S COMPLAINT** was served via CM/ECF upon all counsel of record.

**CLARK HILL PLC**

*/s/ Lauri Kavulich*
Lauri A. Kavulich