# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RACHEL SPIVACK, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION |
| | : NO. 2:22-cv-01438 |
| CITY OF PHILADELPHIA and LAWRENCE S. KRASNER, | : |
| Defendants. | : |

**DEFENDANT LAWRENCE KRASNER'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Lawrence Krasner ("Mr. Krasner") by and through his undersigned counsel, hereby answers Plaintiff's Complaint as follows:

## I. PRELIMINARY STATEMENT

1. Denied.

2. Admitted in part, denied in part. It is admitted that Plaintiff was an employee of the District Attorney's Office of the City of Philadelphia, and that she objected to receiving a Covid-19 vaccination. Plaintiff's complaint is a written document that speaks for itself and Plaintiff's characterization of it is denied. Mr. Krasner lacks knowledge or information sufficient to form a belief as to the sincerity of Plaintiff's religious beliefs. The remaining allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the remaining allegations in this paragraph are denied.

## II. JURISDICTION AND VENUE

3. The allegations in this paragraph constitute conclusions of law to which no response is required.

4. The allegations in this paragraph constitute conclusions of law to which no response is required.

## III. PARTIES

6. [*sic.*] Admitted in part, denied in part. Admitted that Plaintiff is an adult individual. Denied that Plaintiff is an employee of the City of Philadelphia. Mr. Krasner lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph; and therefore denies those allegations.

7. The allegations in this paragraph are not addressed to Mr. Krasner, and therefore no response is required.

8. Admitted.

9. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the allegations are denied.

10. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the allegations are denied.

## IV. STATEMENT OF FACTS

11. Denied as stated. Ms. Spivack received an offer of employment from the District Attorney's Office ("DAO"), to begin in September 2021.

12. Denied as stated. The allegations in this paragraph purports to paraphrase a September 3, 2021 email from Osha Thomas, a document that speaks for itself. By way of further response, Ms. Thomas's September 3, 2021 email provided incoming DAO employees, including Ms. Spivack, with the DAO's Covid-19 Policy and Vaccination Policy (the "DAO Vaccine Mandate"), both of which were intended to maintain "a safe and healthy workplace."

13. Denied as stated. Ms. Spivack began working for the DAO on September 13, 2021, but was unable to work as an Assistant District Attorney at that time because she had not taken the bar exam.

14. Admitted.

15. Denied as stated. The allegations in this paragraph purports to paraphrase a December 8, 2021 email from Cecilia Madden, a document that speaks for itself. By way of further response, Ms. Madden's sent her December 8, 2021 email to all recent DAO hires, including Ms. Spivack, who either had not submitted their proof of vaccination or who had requested an exemption from the DAO vaccine mandate.

16. Admitted that on or about December 22, 2021, Ms. Spivack submitted an application to support her request for a religious exemption from the DAO Vaccine Mandate. Ms. Spivack's application speaks for itself and any characterization of it is denied.

17. Admitted that on or about March 2, 2022, Ms. Thomas emailed Ms. Spivack to schedule a meeting to discuss her vaccination exemption request. The March 2, 2022 email speaks for itself and any characterization of it is denied.

18. Admitted that on or about March 4, 2022, Ms. Spivack met with DAO supervisors (but not Mr. Krasner), and was informed that her request for a religious exemption from the DAO vaccine mandate was denied. Ms. Spivack also was advised regarding the time within

which she could comply with the DAO Vaccine Mandate and the consequences of not complying. Mr. Krasner lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies them.

19. Admitted, except that Mr. Krasner lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Mr. King "became aware of the situation regarding Plaintiff's denial," and therefor denies it.

20. Denied as stated. The March 7, 2022 letter to Ms. Spivack speaks for itself and Ms. Spivack's characterization of it is denied.

22. [*sic.*] Denied, other than that Ms. Spivack met with Mr. Listenbee on or about March 10, 2022.

23. Denied other than that Ms. Spivack spoke with Mr. King and that the DAO has not granted any religious exemptions from the DAO Vaccine Mandate.

24. Denied other than that the DAO did not grant any religious exemptions from the DAO Vaccine Mandate, and that the DAO granted one medical exemption for an employee who submitted credible documentation regarding a serious medical condition that the vaccine might worsen or even cause her death.

25. Denied as stated. The DAO placed Ms. Spivack on unvaccinated leave beginning March 21, 2022. The DAO terminated her employment on April 7, 2022.

26. Denied other than that the DAO has not granted any religious exemptions from the DAO Vaccine Mandate.

27. Denied.

28. Denied.

29. The allegations in this paragraph constitute conclusions of law, to which no response is required. To the extent a response is deemed to be required, the allegations are denied.

30. Denied.

31. Denied.

## COUNT I
### First Amendment
### Plaintiff v. Defendants

32. Mr. Krasner incorporates by reference his responses to paragraphs 1-31.

33. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, Mr. Krasner denies the allegations.

34. Mr. Krasner lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

35. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the allegations are denied.

36. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the allegations are denied.

37. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the allegations are denied.

38. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the allegations are denied.

39. Denied.

40. Denied.

## COUNT II
### Pennsylvania Religious Freedom Protection Act
### Plaintiff v. Defendants

41. Mr. Krasner incorporates by reference his responses to paragraphs 1-40.

42. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the allegations are denied.

43. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the allegations are denied.

44. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the allegations are denied. By way of further response, Ms. Spivack's employment ended on April 7, 2022.

45. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the allegations are denied.

46. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the allegations are denied.

47. Denied.

48. Denied.

49. Denied.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's claims fail to state a claim upon which relief can be granted.

2. Plaintiff's claims are or may be barred, in whole or in part, for her failure to exhaust administrative remedies.

3. Plaintiff's Free Exercise rights have not been violated because the DAO's Vaccine Mandate is neutral, generally applicable, and advances a legitimate and/or compelling interest.

4. The DAO Vaccine Mandate does not violate Plaintiff's Free Exercise rights because the DAO Vaccine Mandate does not substantially burden Ms. Spivack's religious beliefs, practice, and exercise without imposing such a burden on similarly-situated non-religious DAO employees.

5. Plaintiff's claims are barred or diminished to the extent she has failed to mitigate or minimize her damages, the existence of which are denied. Moreover, Mr. Krasner is entitled to a set-off against Plaintiff's alleged damages -- which damages are specifically denied – and against any amount earned through reasonable efforts by her after her termination of employment.

6. Mr. Krasner's actions with respect to Plaintiff were based on legitimate, nondiscriminatory reasons.

7. Plaintiff's claims are or may be barred, in whole or in part, by the doctrines of estoppel, waiver or laches.

8. Plaintiff's claims are or may be barred, in whole or in part, by the doctrine of unclean hands.

9. Mr. Krasner specifically reserves the right to assert any additional Affirmative Defense in this matter, including those arising under the doctrine of after-acquired evidence, in the event later investigation or discovery warrants such supplementation.

WHEREFORE, Mr. Krasner demands that judgment be entered in his favor and against Ms. Spivack, that the Court dismiss Ms. Spivack's Complaint in its entirety, and that the Court award Mr. Krasner reimbursement for legal fees, costs, and expenses incurred in this action.

Respectfully submitted,

*/s/ David Smith*
David Smith (Attorney I.D. 21480)
Anne E. Kane (Attorney I.D. 81872)
Samantha Banks (Attorney I.D. 319401)

*Attorneys for Defendant,*
 *Lawrence S. Krasner*

SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103-7286
(215) 751-2000

Of Counsel.

Dated: July 5, 2022.