| | |
|---|---|
| RACHAEL SPIVACK,<br><br>                    Plaintiff,<br><br>                    v.<br><br>CITY OF PHILADELPHIA, LAWRENCE S. KRASNER,<br><br>                  Defendants. | C.A. No. 2:22-cv-01438 |

## STIPULATED PROTECTIVE ORDER

**IT IS HEREBY STIPULATED** by and between Plaintiff Rachael Spivack, individually and on behalf of all others similarly situated ("Plaintiff"), and Defendants City of Philadelphia and Lawrence S. Krasner ("Defendants"), by and through their respective attorneys of record, it is **ORDERED** as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to confidential, medical, health or financial information, trade secrets, confidential research, development, technology or other proprietary information belonging to Defendant, and/or personal income, credit and other confidential information of Plaintiff.

THEREFORE, an order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1. This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2. Any party or non-party producing or filing documents or other materials in this action (the "Producing Party") may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3. If a Producing Party believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm to the Producing Party if particular documents it designates as "Confidential" are disclosed to all other parties or non-parties to this action, the Producing Party may designate those particular documents as "Confidential—Attorneys' Eyes Only." Any documents marked as either "Confidential" or "Confidential-Attorneys' Eyes Only" will be marked prominently within the lower corner of the designated document.

4. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," or "Confidential—Attorneys' Eyes Only" and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record.

5. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" or "Confidential—Attorneys' Eyes Only" hereunder), shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes or for any purpose

whatsoever other than solely for the preparation for and trial of this action in accordance with the provisions of this Order.

6. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached "Declaration of Compliance" (Exhibit A) other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

7. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential—Attorneys' Eyes Only," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential—Attorneys' Eyes Only" treatment under this Order, and any information contained in or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects or otherwise discusses any information designated "Confidential—Attorneys' Eyes Only" hereunder) may not

be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) a party's retained outside counsel of record in this action, as well as employees of said outside counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Declaration of Compliance" that is attached hereto as Exhibit A; (b) experts specifically retained as consultants or expert witnesses in connection with this litigation who have signed the "Declaration of Compliance" (Exhibit A); (c) the Court and its personnel; (d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Declaration of Compliance" (Exhibit A); and (e) the author of the document or the original source of the information.

8. Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 6(f) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached "Declaration of Compliance" (Exhibit A).

9. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 6 and Paragraph 7 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

10. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential" or "Confidential—Attorneys' Eyes Only." A party intending

to present another party's or a non-party's confidential document designated as "Confidential" or "Confidential—Attorneys' Eyes Only" at a hearing or trial must promptly notify the other party or the non-party so that the other party or the non-party may seek relief from the court.

11. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the Producing Party upon written request.

12. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved within ten (10) business days of the dispute first being raised, the party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" or "Confidential—Attorneys' Eyes Only" subject to the provisions of this Protective Order.

13. A party or non-party who discovers that it has inadvertently disclosed or produced documents designated "Confidential" or "Confidential – Attorneys' Eyes Only" must promptly notify the receiving party and describe the basis of the claim of privilege or protection. If the party or non-party provides such notice and description, the privilege or protection is not waived. In the event that any document, testimony, or information that is subject to a "Confidential" or "Confidential - Attorneys' Eyes Only" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such

inadvertent production within ten (10) business days of discovery of the inadvertent production, together with a further copy of the subject document, testimony, or information designated as "Confidential" or "Confidential - Attorneys' Eyes Only" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced document, testimony, or information shall promptly destroy the inadvertently produced document, testimony, or information and all copies thereof, or, at the expense of the Producing Party, return such together with all copies of such document, testimony or information to counsel for the Producing Party and shall retain only the "Confidential" or "Attorneys' Eyes Only" materials. Should the receiving party choose to destroy such inadvertently produced document, testimony, or information, the receiving party shall notify the Producing Party in writing of such destruction within two (2) business days of the destruction. This provision is not intended to apply to any inadvertent production of any document, testimony, or information protected by attorney-client or work-product privileges.

14. The inadvertent, unintentional, or in camera disclosure of confidential documents and information shall not be deemed a waiver of the Producing Party's claims of confidentiality. If a party inadvertently or unintentionally produces any confidential document or information without marking or designating it as such, the party may, promptly upon discovery, furnish a substitute copy properly marked along with written notice to all parties (or written notice alone as to non-documentary information) that such information is deemed confidential and should be treated as such in accordance with the provisions of this Order. Each person receiving such a notice must treat the inadvertently produced, confidential information as confidential. If the inadvertently produced, confidential information has been disclosed prior to the receipt of such

notice, the party that made the disclosure shall notify the party providing notice of inadvertent disclosure in writing within five (5) business days.

15. Any deposition or portion thereof during which confidential information is being disclosed shall be taken in camera without any persons in attendance other than the witnesses and those persons described in Paragraph 6 and Paragraph 7. At the time of the deposition if possible, but not later than fifteen (15) business days after receipt of the deposition transcript, counsel shall designate those portions of the deposition testimony which they deem "Confidential" or "Confidential – Attorneys' Eyes Only."

16. Nothing herein shall affect or restrict the rights of any party with respect to its own documents. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

By: */s/ Christina Martinez (with consent)*
Christina Martinez, Esq.
THE LAW OFFICES OF
CHRISTINA M. MARTINEZ
245 Bricktown Way, Suite J
Staten Island, NY 10309

By: */s/ Sidney Gold (with consent)*
Sidney L. Gold, Esq.
SIDNEY L. GOLD & ASSOC., PC
1835 Market Street, Suite 515
Philadelphia, PA 19102

*Attorneys for Plaintiff*

By: */s/ David Smith (with consent)*
David Smith, Esq.
Samantha J. Banks, Esq.
Anne E. Kane, Esq.
SCHNADER HARRISON SEGAL &
LEWIS, LLP
1600 Market Street, Suite 2600
Philadelphia, PA 19103

By: */s/ Lauri Kavulich*
Lauri A. Kavulich, Esq. (PA 56476)
Jessica D. Reilly, Esq. (PA 324575)
CLARK HILL PLC
2001 Market Street, Suite 2620
Philadelphia, PA 19103
*Attorneys for Defendant,
City of Philadelphia*

*Attorneys for Defendant Krasner*

**IT IS SO ORDERED**.

Dated: _____

_____
The Honorable Judge Paul S. Diamond, U.S.D.C

# EXHIBIT A

## DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulated Protective Order entered in this action on _____, 20___.

5. I have carefully read and understand the provisions of this Stipulated Protective Order.

6. I will comply with all provisions of this Stipulated Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10. I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this ____ day of _____, 20__, at _____.

_____
QUALIFIED PERSON