IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RACHAEL SPIVACK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 2:22-cv-01438 |
| | ) |
| CITY OF PHILADELPHIA, LAWRENCE S. KRASNER, | ) |
| | ) |
| Defendants. | ) |

**PROPOSED ORDER**

AND NOW, this _____ day of _____ 2022, upon consideration of the Defendants' Joint Motion for Protective Order, it is hereby ordered that the Motion is GRANTED and the Parties Stipulated Protective Order (Doc. 25) is hereby entered for good cause shown.

BY THE COURT:

_____
The Honorable Paul S. Diamond, U.S.D.C.

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RACHAEL SPIVACK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  C.A. No. 2:22-cv-01438 |
| | ) |
| CITY OF PHILADELPHIA, LAWRENCE S. KRASNER, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' JOINT MOTION FOR PROTECTIVE ORDER**

Defendant Lawrence S. Krasner and Defendant City of Philadelphia, by and through counsel, hereby move this Court to enter the Parties' Stipulated Protective Order (the "Stipulated Order") (*see* Doc. 25) for good cause shown. As set forth in the accompanying Memorandum of Law, the Parties have agreed upon a Stipulated Order which permits the exchange of confidential information in this case, but under certain terms that will safeguard the information, promote efficiency, and protect the legitimate privacy interests of those who own the information—non-party employees. Defendants Krasner and the City respectfully request that this Court grant this Motion and enter the Stipulated Order.

Dated: August 5, 2022                                                       Respectfully submitted,

By: */s/ David Smith (with consent)*                  By: */s/ Lauri Kavulich*
    David Smith, Esq.                                                  Lauri A. Kavulich, Esq. (PA 56476)
    Samantha J. Banks, Esq.                                    Jessica D. Reilly, Esq. (PA 324575)
    Anne E. Kane, Esq.                                               CLARK HILL PLC
    SCHNADER HARRISON SEGAL &                2001 Market Street, Suite 2620
    LEWIS, LLP                                                             Philadelphia, PA  19103
    1600 Market Street, Suite 2600                        *Attorneys for Defendant,*
    Philadelphia, PA 19103                                       *City of Philadelphia*
    *Attorneys for Defendant Krasner*

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RACHAEL SPIVACK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 2:22-cv-01438 |
| | ) |
| CITY OF PHILADELPHIA, LAWRENCE S. KRASNER, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

Defendants seek to disclose certain confidential and sensitive information under the protection of this Court and under certain terms which will safeguard the privacy interest of non-party employees to whom the information belongs while promoting efficient exchange of information. Defendants respectfully request that this Court grant this Motion, as set forth:

**I.   Factual Background**

Plaintiff sued District Attorney Krasner and the City of Philadelphia ("Defendants") alleging that their respective vaccine mandate policies violated her religious freedoms. In discovery, Plaintiff sought documents and information from both Defendants about *other* City employees—who are not parties to this lawsuit—concerning their medical or religious exemption requests, and Defendants' responses to those requests. These requests called for non-party employee's medical history and religious beliefs, which includes personal identifying information such as their full names, home addresses, phone numbers, date of birth, and payroll ID numbers (the "Confidential Information"). The Confidential Information includes in-depth descriptions of medical treatments, conditions and diagnoses and intimate details of the non-employee's religious beliefs.

2

To avoid violating any non-party employee's privacy rights with respect to the Confidential Information, the Parties worked together amicably to agree to a protocol permitting disclosure on certain terms which will safeguard the Confidential Information. To be clear, Defendants do not seek to withhold any Confidential Information that is relevant. Rather, Defendants seek to facilitate disclosure under protection of this Court to ensure the sensitive Confidential Information is safeguarded by an agreed-upon protocol.

Thus, to avoid any harm from disclosure of the Confidential Information, the Parties agreed to a Stipulated Protective Order (the "Stipulated Order") addressing protocol for documents containing the Confidential Information and sought entry by this Court on July 29, 2022. *See* Doc. 25. Under the protection of the Stipulated Order, the Parties then produced documents containing the Confidential Information with appropriate redactions. Those documents are generally described as: (1) DAO employee medical exemption requests revealing the Confidential Information (including private medical conditions and diagnosis); (2) DAO employee religious exemption requests revealing the Confidential Information; and (3) communications discussing the Confidential Information.

On July 29, 2022, this Court entered an Order requiring the Parties, jointly or separately, to submit a memorandum "stating why good cause exists to protect documents in this case." *See* Doc. 26. Defendants now jointly file this Motion as requested by this Court.[1]

**II.   Legal Argument**

This Court may enter a protective order prescribing the disclosure of confidential information upon a showing of good cause. Fed. R. Civ. P. 26(c); *Shingara v. Skiles*, 420 F.3d 301, 306 (3d Cir. 2005) (broad allegations of harm are not sufficient to establish good cause; rather the

---

[1] Defendants invited Plaintiff to join this Motion but Plaintiff declined.

moving party must show that "the disclosure will result in a clearly defined, specific and serious injury); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 783–84 (3d Cir. 1994) ("The most common kind of order allowing discovery on conditions is an order limiting the persons who are to have access to the information disclosed and the use to which these persons may put the information."). This is precisely the type of order Defendants seek.

To determine whether good cause exists under *Pansy*, courts implore a balancing test considering: (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; and (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public. *Glenmede Trust Co. v. Thompson*, 56 F.3d. 476, 483 (3rd Cir. 1995).

At the outset, disclosure without a procedural safeguard in place will violate the legitimate privacy expectations of the non-party employees. These non-parties disclosed the Confidential Information to Defendants with the expectation that it would not be misused, misappropriated or disclosed, but instead would be held in strict confidence and safeguarded. Consistent with this expectation, and as a general matter, personal identifying information is commonly protected by the terms of a protective order, which allows the disclosure of the information between the Parties but limits that disclosure to the instant lawsuit. *Blunt v. Lower Merion Sch. Dist.*, No. CIV.A. 07-3100, 2009 WL 1259100, at *2 (E.D. Pa. May 7, 2009) (discussing that a protective order which

safeguards confidential information offers privacy protections and mitigates the potential for harm).[2]

The same privacy concerns are at play with respect to a person's medical history. *Pahlavan v. Drexel Univ. Coll. of Med.*, 438 F. Supp. 3d 404, 407 n. 1 (E.D. Pa. 2020) (Goldberg, J.) (finding good cause to permit redaction of documents containing Plaintiff's mental health information because the interest in secrecy outweighed the presumption of public access and disclosure of mental health records would work a clearly defined and serious injury to Plaintiff); *See e.g.*, *United States v. Westinghouse Elec. Corp.*, 638 F.2d 570, 577 (3d Cir. 1980) ("There can be no question that an employee's medical records, which may contain intimate facts of a personal nature, are well within the ambit of materials entitled to privacy protection. Information about one's body and state of health is matter which the individual is ordinarily entitled to retain within the 'private enclave where he may lead a private life.'"). The same is true for religious beliefs; to which the non-party employees divulged with an expectation of confidentiality. *C.f. Rosenblit v. City of Philadelphia*, 2021 WL 288887, No. 20-3121, *6 (E.D. Pa. Jan. 28, 2021) (the privacy interests of non-party employees who provide information "'with the expectation of privacy, discretion, and even confidentiality'" are significant; and public disclosure of that information "may make individuals more reluctant" to provide employers with important information). As such, this Court long recognizes the privacy interests in personnel records. *Id*. at *6 (*citing Miles v. Boeing Co.,* 154 F.R.D. 112, 115 (E.D. Pa. 1994)). Accordingly, the non-party employees have a strong privacy interest in keeping Confidential Information secure and protected.

---

[2] Non-party information is also commonly protected under seal for this exact reason. *See See, e.g., In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 484 F. Supp. 3d 249, 267–68 (E.D. Pa. 2020) (granting motion to seal redactions of personal information of nonlitigants, finding "no basis in U.S. law to overcome the strong presumption of access to judicial records other than a privacy interest in certain personal information that Plaintiffs do not object to redacting…")

Second, *Pansy* asks whether the disclosure of the information will cause a party embarrassment. The Confidential Information disclosed in this case reveals intimate information related to the status of one's physical wellbeing or religious beliefs. Without careful procedures in place to safeguard this information there is significant risk that disclosure could be highly embarrassing to the person. Though great progress has been made in abating religious and medical animus in the workplace, certain disclosures of medical or religious status could stigmatize a non-party employee should the Confidential Information be made publicly available and would chill accommodation requests.

*Pansy's* third and fourth elements are similar; whether the information is sought for a legitimate purpose and whether disclosure permits fairness and efficiency. Here, Plaintiff contends the information requested is important for identifying comparator employees. If it is relevant, the Stipulated Order facilitates the exchange of this information with the necessary protocol in place to ensure the Confidential Information will not be misused or disclosed beyond the bounds of this lawsuit.

Fifth, *Pansy* asks whether the information sought is important to public health or safety. Here, the Confidential Information likely does not concern a matter of public safety or health, even though the prevailing COVID-19 policy does concern public health. However, the strong privacy interests involved outweigh this consideration.

*Pansy's* penultimate ask is whether the party benefitting from the order is a public entity or official. Though the City and the DAO are public entities, the chief beneficiary of the Stipulated Order are the non-party employees. These employees provided their intimate medical and religious information to the City and DAO under an expectation of confidentiality. Preserving that expectation is paramount.

6

Finally, *Pansy* asks whether the case involves issues important to the public. Though this Court views cases of alleged discrimination by public employers as within the realm of public interest, this Court has also held that confidential information related to non-party employees is worthy of protection. *Rosenblit* at *7.

Thus, this Confidential Information, if revealed without the protection of a protocol, would result in significant harm to Defendants for publication of sensitive, personal identifying information without consent. Considering the *Pansy* factors together, the strong privacy interests held by non-party employees in their intimate medical and religious information strongly counsels in favor of an appropriate protective order. For these reasons, good cause exists to enter the Stipulated Order and as such, Defendants jointly request that this Court enter the Stipulated Order filed with this Court on July 29, 2022. *See* Doc. 25.

Dated: August 5, 2022                                                   Respectfully submitted,

By: */s/ David Smith (with consent)*          By: */s/ Lauri A. Kavulich*_____
    David Smith, Esq.                                          Lauri A. Kavulich, Esq. (PA 56476)
    Samantha J. Banks, Esq.                              Jessica D. Reilly, Esq. (PA 324575)
    Anne E. Kane, Esq.                                         CLARK HILL PLC
    SCHNADER HARRISON SEGAL &            2001 Market Street, Suite 2620
    LEWIS, LLP                                                        Philadelphia, PA 19103
    1600 Market Street, Suite 2600                   *Attorneys for Defendant,*
    Philadelphia, PA 19103                                  *City of Philadelphia*
    *Attorneys for Defendant Krasner*

7

## **CERTIFICATE OF SERVICE**

I hereby certify that that on August 5, 2022, a copy of the foregoing was served upon all counsel of record in accordance with this Court's electronic filing system.

>  */s/ Lauri A. Kavulich*
>  Lauri A. Kavulich, Esq.