IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RACHEL SPIVACK,

        Plaintiff,

    v.

CITY OF PHILADELPHIA and
LAWRENCE S. KRASNER,

        Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION

NO. 2:22-cv-01438

**MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT
<u>BY DEFENDANT LAWRENCE KRASNER</u>**

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

FACTS SUPPORTING SUMMARY JUDGMENT ....................................................... 1

ARGUMENT ..................................................................................................................... 4

I.     Summary Judgment Standard .................................................................. 4

II.    The Court Should Grant Summary Judgment on Ms. Spivack's Religious Freedom Protection Act Claim Because She Failed to Comply With the Statutory Notice and Procedural Requirements, And No Exception Applies. ......................................... 5

    A.    Ms. Spivack Failed to Provide Notice of Her Claim. ............................................. 5

    B.    Ms. Spivack Does Not Have Standing To Seek Declaratory Relief Under The RFPA ............................................................................................................. 7

    C.    This Court Does Not Have Jurisdiction To Hear Ms. Spivack's RFPA Claim. ..... 9

III.   The Court Should Grant Summary Judgment on Ms. Spivack's First Amendment Claim Because the DAO's Vaccine Mandate is Constitutional and Survives Rational Review. ................................................................................... 10

    A.    Vaccine Mandates Are Constitutional. .................................................... 10

    B.    The DAO's Vaccine Mandate is a Neutral Law of General Applicability That Is Rationally Related to the DAO's Goal of Preventing the Spread of COVID-19 and Protecting Its Employees. ................................................ 11

        1.    The DAO's Vaccine Mandate is a Neutral Policy on its Face and as Applied in Practice ................................................................................ 12

        2.    The DAO's Vaccine Mandate is Generally Applicable .............................. 13

        3.    The DAO has a Rational Basis for Enforcing its Vaccine Mandate ........... 16

CONCLUSION .................................................................................................................. 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Am. Eagle Outfitters v. Lyle & Scott Ltd.*,
584 F.3d 575 (3d Cir. 2009)...................................................................................4

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)...................................................................................4, 5

*Boone v. Boozman*,
217 F. Supp. 2d 938 (E.D. Ark. 2002)...................................................................11

*Brown v. City of Pittsburgh*,
586 F.3d 263 (3d Cir. 2009)...................................................................................16

*Cantwell v. Connecticut*,
310 U.S. 296 (1940)...................................................................................10

*Church of Lukumi Babalu Aye v. City of Hialeah*,
508 U.S. 520 (1993)...................................................................................13

*In re Columbia Borough*,
354 A.2d 277 (Pa. Cmwlth. 1976) ...................................................................9

*Com. v. Ryan*,
327 A.2d 351 (Pa. 1974)...................................................................................9

*Combs v. Homer-Center Sch. Dist.*,
540 F.3d 231 (3d Cir. 2008)...................................................................................12

*Common Cause of Pennsylvania v. Pennsylvania*,
558 F.3d 249 (3d Cir. 2009)...................................................................................7

*Doe v. Mills*,
16 F.4th 20 (1st Cir. 2021)...................................................................................15

*Emp't Div. v. Smith*,
494 U.S. 872 (1990)...................................................................................12

*Fulton v. City of Philadelphia*,
141 S. Ct. 1868 (2021)...................................................................................12, 13, 15

*Jacobson v. Massachusetts*,
197 U.S. 11 (1905)...................................................................................10, 15

*Jones v. W.C.A.B. (Midland-Ross Corp.)*,
    612 A.2d 570, 148 Pa.Cmwlth. 593 ...................................................................9

*Kaucher v. County of Bucks*,
    455 F.3d 418 (3d Cir. 2006) .........................................................................4

*Lowe v. Mills*,
    2022 U.S. Dist. LEXIS 147769 (D. Me. Aug. 18, 2022) .............................13

*Nikolao v. Lyon*,
    875 F.3d 310 (6th Cir. 2017) .......................................................................11

*Pennsylvania Fam. Inst., Inc. v. Celluci*,
    521 F. Supp. 2d 351 (E.D. Pa. 2007) ...........................................................8

*Phillips v. City of New York*,
    775 F.3d 538 (2d Cir. 2015) .......................................................................11

*Prince v. Massachusetts*,
    321 U.S. 158 (1944) ...................................................................................10

*Roethlein v. Portnoff Law Assocs, Ltd.*,
    81 A.3d 816 (Pa. 2013) ................................................................................9

*Roman Catholic Diocese v. Cuomo*,
    141 S. Ct. 63 (2020) ...................................................................................16

*Sec'y of State of Md. v. Joseph H. Munson Co.*,
    467 U.S. 947 (1984) .....................................................................................8

*Sprint Commc'ns Co. v. APCC Servs., Inc.*,
    128 S.Ct. 2531 (2008) ..................................................................................7

*W.D. v. Rockland Cty.*,
    521 F. Supp. 3d 358 (S.D.N.Y. 2021) ........................................................15

*We the Patriots USA, Inc. v. Hochul*,
    17 F.4th 266 (2d Cir. 2021) ...........................................................13, 15, 16

*Webb v. City of Philadelphia*,
    2007 WL 576313 (E.D. Pa. Feb. 20, 2007) ..................................................6

*Whitlow v. Cal. Dep't of Educ.*,
    203 F. Supp. 3d 1079 (S.D. Cal. 2016) ......................................................11

*Workman v. Mingo Cty. Bd. of Educ.*,
    419 F. App'x 348 (4th Cir. 2011) ...............................................................11

PHDATA 8260199_3

*Zucht v. King,*
    260 U.S. 174 (1922)............................................................................................10

**Statutes**

42 Pa. Stat. Ann. § 5522 ......................................................................................7

71 Pa. Stat. Ann. § 2401, et seq. ............................................................. *passim*

**Other Authorities**

U.S. Const. Amend. I ............................................................................. *passim*

Fed. R. Civ. P. 56(c) ............................................................................................4

PHDATA 8260199_3

## INTRODUCTION

Defendant, District Attorney Lawrence S. Krasner submits this memorandum in support of his motion for summary judgment dismissing all of the claims asserted by plaintiff Rachel Spivack for the following reasons:

***First***, the Court should grant summary judgment for District Attorney Krasner on Ms. Spivack's claim under the Pennsylvania Religious Freedom Protection Act ("RFPA") because (1) Ms. Spivack failed to give the written notice that is required under the statute; (2) Ms. Spivack does not have standing for the relief she seeks under the RFPA; and (3) this Court does not have subject matter jurisdiction over RFPA claims.

***Second***, the Court should grant summary judgment for District Attorney Krasner on Ms. Spivack's First Amendment claim because there is no genuine issue of material fact that the DAO's vaccine mandate is a neutral and generally applicable policy that survives rational basis review.

## FACTS SUPPORTING SUMMARY JUDGMENT

The Covid pandemic severely disrupted the operations of the entire criminal justice system, causing a "disastrous and radical shake up" of the DAO's ability to pursue criminal justice. Krasner tr. 14:5-15:20, attached as Ex. A. Before the vaccine was readily available, the DAO faced an "exponential" or "nuclear spread" of people quarantining, creating "enormous administrative problem[s], completely disabling . . . the entire office." *Id.* at 70:14-71:6. In an effort to protect DAO employees, their families and other participants in the criminal justice system, including judges, deputies, police, firefighters, victims, witnesses, and defendants, since March 2020 the DAO has issued several safety policies which it has updated as public health guidance has changed over the course of the pandemic. The DAO's safety policies are based on

guidance from the Center for Disease Control and the Health Commissioner for the City of

Philadelphia. *Id.* at 10:8-11:5, 61:22-62:12. Most significantly for this case, in August 2021, the

DAO issued a vaccine mandate requiring that all DAO employees subject to its control submit

their proof of full vaccination by September 1, 2021. See vaccine mandate, attached as Ex. B.[1]

Ms. Spivack graduated from law school in May 2020 and began working for the District

Attorney's Office on September 13, 2021, approximately one month after the DAO issued its

vaccine mandate. The policy states:

> The DA's office is setting a higher standard of health and safety
> due to the nature of our work, which requires many of us to work
> indoors and to interface with the public on a regular basis in our
> role as public servants.

See Ex. B

On September 3, 2021, the DAO notified all new employees of the DAO's Covid

Vaccination Policy, explaining that compliance with the vaccine mandate was a condition of

employment. See email, attached as Ex. C.

At the time the DAO issued the vaccine mandate, it allowed for the possibility of religious

and medical exemptions, asking DAO employees whether they intended to request a religious or

medical exemption from the mandate. Ex. A at 117:13-119:11; Madden tr. at 61:25-63:9, attached

as Ex. D. DAO employees were instructed to complete a Request for Exemption from Vaccination

Policy Form describing the reason for the exemption request.

---

[1]     The vaccine mandate only applies to the DAO's non-union employees. DAO union
employees are subject to the City of Philadelphia's vaccine mandate and the provisions of
their respective collective bargaining agreements. The DAO does not have the authority
to mandate that union employees comply with its vaccine mandate. See Ex. A at 71:7-
16; 73:19-74:13.

In September 2021, Ms. Spivack submitted a letter from her rabbi as notice of her intent to request a religious exemption from the DAO vaccine mandate. Spivack tr. at 102:19-103:7, attached as Ex. E; see rabbi's letter, attached as Ex. F.

On December 8, 2021, the DAO emailed all employees who had not submitted proof of vaccination to complete an application explaining the basis for their request for an exemption from the vaccine mandate. See December email, attached as Ex. G. Ms. Spivack submitted an application on December 22, 2021 detailing her request for a religious exemption from the vaccine mandate. See application, attached as Ex. H.

Between December 2021 and January 2022, the Omicron variant surged nationwide, causing infections rates in Philadelphia and across the country to spike.[2] Around that same time, District Attorney Krasner consulted with counsel to determine what the DAO's legal obligations were with respect to responding to vaccine exemption requests. After the exemption requests were submitted, but before the DAO reviewed them, District Attorney Krasner concluded that he was not required to consider and would not grant requests for religious exemptions from the vaccine mandate. Ex. A at 122:14-124:13; 132:7-134:25; 168:12-169:2.

The DAO's executive team met with Ms. Spivack on March 4, 2022 to inform her that her request for an exemption from the vaccine mandate had been denied. Ex. D at 84:24-85:18. The DAO sent Ms. Spivack a letter on March 7, 2022 memorializing its decision. The DAO put Ms. Spivack on unvaccinated leave on March 21, 2022, during which she was able to use her

---

[2]    https://www.nytimes.com/2022/01/22/us/omicron-cases-us-deaths.html
https://www.cnn.com/2022/01/17/health/us-coronavirus-monday/index.html

limited accrued time.[3]  Ms. Spivack was on unpaid status for fifteen days before her employment

ended on April 8, 2022.

Ms. Spivack was briefly unemployed, but is now serving as an assistant district attorney

in Luzerne County, Pennsylvania, and is not seeking reinstatement.  Ms. Spivack has asserted

claims that District Attorney Krasner violated her rights under the First Amendment and the

Pennsylvania Religious Freedom Protection Act (RFPA). District Attorney Krasner moves for

summary judgment on both claims.

## ARGUMENT

### I.      Summary Judgment Standard

Summary judgment is appropriate where "the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and the moving party is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247 (1986). "A

motion for summary judgment will not be defeated by the mere existence of some disputed facts,

but will be denied when there is a genuine issue of material fact*." Am. Eagle Outfitters v. Lyle &

Scott Ltd*., 584 F.3d 575, 581 (3d Cir. 2009) (internal quotation marks and citations omitted).  An

issue is genuine only when "there is a sufficient evidentiary basis on which a reasonable jury

could find for the non-moving party and a factual dispute is material only if it might affect the

outcome of the suit under governing law." *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d

---

[3]      Ms. Spivack only had one day of accrued time available because she took a leave of
absence for five weeks to study for the February 2022 bar exam.  Ex. E at 127:22-128:3.
She did not take the July 2021 bar exam after graduating law school, before starting work
for the DAO, because she failed to complete the exam registration process. *Id.* at 61:21-
62:13).  The DAO accommodated her by allowing her to work in an unbarred position for
the juvenile diversion.  *Id.* at 66:5-68:6.  Ms. Spivack never worked for the DAO as a
barred attorney.

Cir. 2006) (citing *Anderson*, 477 U.S. at 248). Importantly, "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Thus, while the movant bears the initial burden of showing, in the record, the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party to set forth "specific facts showing that there is a genuine dispute for trial." *Id.*

## II.     The Court Should Grant Summary Judgment on Ms. Spivack's Religious Freedom Protection Act Claim Because She Failed to Comply With the Statutory Notice and Procedural Requirements, And No Exception Applies.

The Court should grant summary judgment for District Attorney Krasner on Ms. Spivack's Religious Freedom Protection Act ("RFPA") claim because (1) Ms. Spivack failed to provide the notice of her claim required by the statute; (2) Ms. Spivack does not have standing for the relief she seeks; and (3) this Court does not have jurisdiction over Ms. Spivack's RFPA claim.

### A.     Ms. Spivack Failed to Provide Notice of Her Claim.

The RFPA statute expressly provides that a person may not bring an action in court to assert a claim under the RFPA unless, at least 30 days prior to bringing the action, the person gives written notice to the agency[4] by certified mail, return receipt requested, informing the agency of (1) the person's free exercise of religion has been or is about to be substantially burdened by an exercise of the agency's governmental authority, (2) a description of the act or refusal to act which has burdened or will burden the person's free exercise of religion, and (3) the manner in which the exercise of the governmental authority burdens the person's free exercise of

---

[4]     The RFPA defines an agency to include Commonwealth agencies, or public officials acting under color of state law.

religion. 71 Pa. Stat. Ann. § 2405(b). Compliance with a statutory notice provision is a prerequisite to jurisdiction. *See Webb v. City of Philadelphia*, 2007 WL 576313, at *3 (E.D. Pa. Feb. 20, 2007) (failure to comply with a statutory notice provision renders the court unable to hear the claim). Ms. Spivack's RFPA claim cannot survive summary judgment because she failed to provide defendants with notice of her RFPA claim before filing this lawsuit.

Ms. Spivack engaged counsel with respect to the potential denial of her request for a religious exemption in December 2021. Ex. E at 159:6-12. The DAO informed Ms. Spivack that it was denying her request for an exemption from the vaccine mandate on March 4, 2022. Despite that she had already retained counsel and did not file her complaint until April 12, 2022, thirty nine (39) days later, she did not provide the notice required by the RFPA. Ex. E at 169:1-10. Ms. Spivack admitted at her deposition that she did not provide Defendants notice before bringing her claim, or anytime thereafter. *Id.* at 168:1-5. Because Ms. Spivack failed to provide defendants with notice of her RFPA claim, this Court lacks jurisdiction over the claim and the Court should grant summary judgment for District Attorney Krasner. *See Webb*, 2007 WL 576313 at *3.

While the statute provides limited exceptions to the notice requirement, none are applicable here. A person can file a RFPA claim without providing statutory notice only if (1) the exercise of governmental authority which threatens to substantially burden the person's free exercise of religion is imminent; (2) the person was not informed and did not otherwise have knowledge of the exercise of the governmental authority in time to reasonably provide notice; (3) the provision of the notice would delay an action to the extent that the action would be dismissed as untimely; or (4) the claim or defense is asserted as a counterclaim in a pending proceeding. 71 Pa. Stat. Ann. § 2405(c).

PHDATA 8260199_3

Exceptions (1) and (2) do not apply because Ms. Spivack's employment ended before she filed her RFPA claim. Exception (3) does not apply because Ms. Spivack was well within the six month statute of limitations at the time she filed her claim, and 30 day notice would not have made her claim untimely. *See* 42 Pa. Stat. Ann. § 5522. Exception (4) does not apply because Ms. Spivack's RFPA claim is not a counterclaim.

For this reason, the court does not have jurisdiction to hear the RFPA claim and summary judgment should be granted for District Attorney Krasner.

**B.      Ms. Spivack Does Not Have Standing To Seek Declaratory Relief Under The RFPA.**

Ms. Spivack's RFPA claim also fails as a matter of law because she does not now seek redress under the RFPA for her own injury.

The RFPA permits only "declaratory or injunctive relief as may be appropriate." 71 Pa. Stat. Ann. § 2405. Ms. Spivack does not seek reinstatement (Ex. E at 185:21-23; 197:23-198:2) and the RFPA does not permit money damages. Accordingly, the only RFPA relief sought by Ms. Spivack is a declaration that other DAO employees will be permitted to seek religious exemptions from the DAO's vaccine mandate. Ms. Spivack has no standing to seek such relief.

Federal judicial power is limited to "cases and controversies," a requirement that is met only when the plaintiff has standing. *Sprint Commc'ns Co. v. APCC Servs., Inc*., 128 S.Ct. 2531, 2535, (2008). Standing requires that a plaintiff have an injury in fact, causation, and redressability (i.e., it is "likely" and not "merely speculative" that the plaintiff's injury will be remedied by the relief plaintiff seeks in bringing suit). *Common Cause of Pennsylvania v. Pennsylvania*, 558 F.3d 249 (3d Cir. 2009) (citing *Sprint Commc'ns Co*., 128 S.Ct. at 2535). "Standing has constitutional and prudential

components, both of which must be satisfied before a litigant may seek redress in the federal courts." *Pennsylvania Fam. Inst., Inc. v. Celluci*, 521 F. Supp. 2d 351, 362 (E.D. Pa. 2007). While there is no concrete test for prudential standing, the doctrine encompasses "the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked." *Id.* (citing *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12, 124 S.Ct. 2301, 159 L.Ed.2d 98 (2004)). While prudential standing limitations are occasionally lessened in the First Amendment context, Ms. Spivack's claim here is statutory. *See Sec'y of State of Md. v. Joseph H. Munson Co.*, 467 U.S. 947, 956–57, 104 S. Ct. 2839, 2847, 81 L. Ed. 2d 786 (1984).

Ms. Spivack cannot establish the redressability prong of the standing requirement because she seeks only declaratory relief on behalf of the rights of others. The relief Ms. Spivack seeks will not remedy any alleged injury to herself because she does not seek to reinstatement at the DAO. Seeking such declaratory relief for the benefit of others violates the component of prudential standing that prohibits "a litigant's raising another person's legal rights." *Pennsylvania Fam Inst.*, 521 F. Supp. 2d at 362. Therefore, Ms. Spivack's RFPA claim fails as a matter of law and the Court should grant summary judgment for District Attorney Krasner.

**C.      This Court Does Not Have Jurisdiction To Hear Ms. Spivack's RFPA Claim.**

This Court should also grant summary judgment dismissing Ms. Spivack's RFPA claim because the Philadelphia Court of Common Pleas has exclusive jurisdiction over her RFPA claim against District Attorney Krasner.  *Id.*

Section 2405(e) of the RFPA provides that a person alleging a violation of the Act by a non-Commonwealth agency "*may*" bring an action in the court of common pleas for the county where the agency's office is located.  71 Pa. Stat. Ann. § 2405(e) (emphasis added).  As a public official for the DAO, Mr. Krasner is considered a non-Commonwealth agency under the RFPA.  71 Pa. Stat. Ann. § 2403.  Accordingly, any RFPA claim against the DAO must be brought in the Court of Common Pleas for Philadelphia.

It is a basic tenet of Pennsylvania law that "[w]here matters of jurisdiction are concerned, the courts must enforce the letter of the law." *Com. v. Ryan*, 459 Pa. 148, 157, 327 A.2d 351, 355–56 (1974) (citations and quotations omitted).  The word "may" in a statute will be construed to mean "shall" when the context or subject matter compels such construction or it is necessary to give effect to the clear policy and intention of the legislature. *In re Columbia Borough*, 24 Pa. Commw. 190, 354 A.2d 277, 279 (Pa. Cmwlth. 1976).  That is the case here, where the RFPA's use of the term "may" is the only provision that gives Ms. Spivack the authority to bring a RFPA claim against District Attorney Krasner.  This provision should therefore be strictly construed to give the Philadelphia Court of Common Pleas exclusive jurisdiction over Ms. Spivack's RFPA claim.  *See Jones v. W.C.A.B. (Midland-Ross Corp.)*, 612 A.2d 570, 148 Pa. Cmwlth. 593, 1992, appeal allowed 621 A.2d 583, 533 Pa. 638, *affirmed* 645 A.2d 209, 537 Pa. 55 (acts of legislature said to limit jurisdiction of court must be strictly construed").  Any other interpretation would render the remainder of § 2405(e) meaningless.  *Roethlein v. Portnoff Law Assocs, Ltd.*, 81 A.3d

816, 822 (Pa. 2013) (statutory works should be read not in isolation, but with reference to the context in which they appear).

For this reason as well, this Court should grant summary judgment for District Attorney Krasner, dismissing Ms. Spivack's RFPA claim for lack of jurisdiction.

## III. The Court Should Grant Summary Judgment on Ms. Spivack's First Amendment Claim Because the DAO's Vaccine Mandate is Constitutional and Survives Rational Review.

Pursuant to the First Amendment's Free Exercise Clause, "Congress shall make no law . . . prohibiting the free exercise" of religion.  U.S. Const. amend. I; *Cantwell v. Connecticut*, 310 U.S. 296, 303-04 (1940) (applying Free Exercise Clause against the States via the Fourteenth Amendment).  As detailed below, Ms. Spivack's First Amendment claim cannot survive summary judgment.

### A. Vaccine Mandates Are Constitutional.

The United States Supreme Court has long upheld vaccination mandates against constitutional challenges such as the one presented here. In *Jacobson v. Massachusetts*, 197 U.S. 11 (1905), the Court rejected a constitutional challenge to the City of Cambridge's smallpox vaccine mandate, holding that such a measure represented a valid exercise of the State's police powers and that "a community has the right to protect itself against an epidemic of disease which threatens the safety of its members." *Id.* at 27, 38. Although the Free Exercise Clause had not yet been applied to the states, the Court broadly noted that the vaccination mandate did not "invade[] any right secured by the Federal Constitution." *Id*. at 38. (emphasis added). Similarly, in *Zucht v. King*, 260 U.S. 174 (1922), the Court upheld a state's school vaccination mandate, finding that *Jacobson* "settled that it is within the police power of a state to provide for compulsory vaccination." *Id.* at 176; *see also Prince v. Massachusetts*, 321 U.S. 158, 166-67 (1944) ("the

right to practice religion freely does not include the liberty to expose the community . . . to communicative disease or death").

Subsequently, federal courts have found that vaccine mandates do not violate the Free Exercise Clause of the First Amendment. *See, e.g. Nikolao v. Lyon*, 875 F.3d 310, 316 (6th Cir. 2017) (stating that there is no constitutional right to a vaccine exemption); *Phillips v. City of New York*, 775 F.3d 538, 543 (2d Cir. 2015) (rejecting Free Exercise challenge to mandatory student-vaccination requirement and holding that "New York could constitutionally require all children to be vaccinated to attend public school"); *Workman v. Mingo Cty. Bd. of Educ.*, 419 F. App'x 348, 353 (4th Cir. 2011) (rejecting Free Exercise challenge to a compulsory school vaccination law that did not permit religious exemptions); *Whitlow v. Cal. Dep't of Educ.*, 203 F. Supp. 3d 1079, 1084 (S.D. Cal. 2016) (upholding California law that removed religious exemption to vaccination mandate, stating that "it is clear that the Constitution does not require the provision of a religious exemption to vaccination requirements . . ."); *Boone v. Boozman*, 217 F. Supp. 2d 938, 954 (E.D. Ark. 2002) (upholding compulsory vaccination law with medical  exemption but no religious exemption against Free Exercise challenge), *appeal dismissed as moot*, 359 F.3d 1029 (8th Cir. 2004).

In sum, it is well settled that there is no constitutional right to a religious exemption from a vaccine mandate. Accordingly, Ms. Spivack's Count I claim that the DAO's vaccine mandate violates the First Amendment because it does not provide for a religious exemption is without merit and this Court should grant District Attorney Krasner's motion for summary judgment.

**B.      The DAO's Vaccine Mandate is a Neutral Law of General Applicability That Is Rationally Related to the DAO's Goal of Preventing the Spread of COVID-19 and Protecting Its Employees.**

The Free Exercise Clause "does not relieve an individual of the obligation to comply with a 'valid and neutral law of general applicability on the ground that the law proscribes (or

prescribes) conduct that his [or her] religion prescribes (or proscribes).'" *Emp't Div. v. Smith*, 494 U.S. 872, 879 (1990) (quoting *United States v. Lee*, 455 U.S. 252, 263 n.3 (1982) (Stevens, J., concurring in judgment)). Because the DAO's vaccine mandate is a neutral policy of general applicability that is rationally related to the DAO's interest of preventing the spread of COVID-19 and protecting the health of its employees and other participants in the criminal justice system, it is subject to rational basis review. *Fulton v. City of Philadelphia*, 141 S. Ct. 1868, 1876 (2021).

      **1.**     *The DAO's Vaccine Mandate is a Neutral Policy on its Face and as Applied in Practice*

Under Third Circuit precedent, a law is "neutral if it does not target religiously motivated conduct either on its face or as applied in practice." *Combs v. Homer-Center Sch. Dist.*, 540 F.3d 231, 241 (3d Cir. 2008) (quoting *Blackhawk v. Pennsylvania*, 381 F.3d 202 (3d Cir. 2004)).

The DAO's vaccine mandate is neutral on its face because it does not single out DAO employees on religious grounds and it applies to all DAO employees subject to the DAO's control.  See Ex. B.  There is no dispute that the DAO issued the vaccine mandate to prevent the spread of COVID-19 within the office and the court system, to minimize staffing disruptions caused by workplace exposures, and to protect medically-vulnerable employees, family members, and participants in the criminal justice system.[5]  Ex. A at 20:7-24:2; 93:16-95:13; Listenbee tr. at 118:16-122:9, attached as Ex. I. The vaccine mandate has a neutral purpose and does not, in any way, target religious conduct.

---

[5]     There is not dispute of material fact that the vaccine mandate does not apply to union employees.  Union employees are outside of the DAO's control and are subject to the City's vaccine requirements. That the DAO cannot mandate vaccines for persons outside of its control does not affect the neutrality analysis.

The vaccine mandate is also neutral in practice because the DAO did not single out or target religious beliefs when applying the policy.[6] There is no genuine issue of material fact that the vaccine mandate applies to both religious and secular conduct, and it requires all employees subject to DAO control to be vaccinated, regardless of whether they object to the vaccine on moral, religious, philosophical, political or scientific grounds. *See We the Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 282 (2d Cir. 2021) ("The absence of a religious exception to a law does not, on its own, establish non-neutrality such that a religious exception from Covid vaccine mandate is constitutionally required."); *see also Lowe v. Mills*, No. 1:21-cv-00242-JDL, 2022 U.S. Dist. LEXIS 147769, at *39 (D. Me. Aug. 18, 2022) (finding Covid vaccine mandate with medical exemptions but no religious exemption was neutral and generally applicable because it burdened secular beliefs, such as philosophical or political based objections to the same extent that it burdened religious beliefs).

### 2. The DAO's Vaccine Mandate is Generally Applicable

To comply with the general applicability requirement, the government may not "in a selective manner impose burdens only on conduct motivated by religious belief." *Church of Lukumi Babalu Aye v. City of Hialeah*, 508 U.S. 520, 543 (1993). A law is not generally applicable "if it invites the government to consider the particular reasons for a person's conduct by providing a mechanism for individualized exemptions" or it "prohibits religious conduct while permitting secular conduct that undermines the government's asserted interests in a similar way." *Fulton v. City of Phila.*, 141 S. Ct. 1868, 1877 (2021).

---

[6]     Although Ms. Spivack alleged in her Complaint that District Attorney Krasner is "hostile towards religion," she admitted at her deposition that no one at the DAO ever told her that District Attorney Krasner was hostile towards religion or that her exemption request was denied for that reason. Ex. E at 154:20-155:3.

Despite Ms. Spivack's assertions to the contrary, the DAO's vaccine mandate imposes the same vaccination requirements on all employees subject to DAO control, regardless of secular or religious objections to the vaccine. When the DAO announced the vaccine mandate in August 2021, it allowed for the future possibility that religious or medical exemptions would be considered. That remained the state of affairs in December 2021, when the DAO asked unvaccinated employees to submit paperwork explaining the basis for their exemption requests. Ex. D at 145:18-23. However, after DAO employees submitted their exemption applications but before District Attorney Krasner reviewed them, he concluded that the law does not require consideration of religious exemptions, and therefore the DAO would not grant any religious exemptions from the vaccine mandate. Ex. A at 118:15-119:11; 132:7-25.[7]

That the DAO's vaccine mandate initially allowed for the possibility of religious exemptions before District Attorney Krasner determined that they were not required and would not be considered or granted does not affect the general applicability analysis. The general applicability analysis merely requires that a law or regulation not treat religion more harshly than comparable secular beliefs. The decision not to consider or grant religious exemptions does not treat religious employees more harshly; it simply subjects them to the same vaccine requirement as every other employee.

That the DAO granted one medical exemption from the vaccine mandate for an employee who presented reliable medical evidence that becoming vaccinated presented a risk of serious

---

[7] District Attorney Krasner and Cecilia Madden both testified that even though District Attorney Krasner had already decided not to allow religious exemptions from the vaccine mandate, they read the applications sometime after that decision was made out of respect for employees who spent time filling out the applications. Ex. A at 132:7-134:25; Ex. D at 61:25-63:9, 67:5-17. Although District Attorney Krasner and Cecilia Madden both read the applications, they did not perform an individualized review of each person's request.

illness or death does not prevent the policy from being generally applicable and subject to rational basis review. *See Doe v. Mills*, 16 F.4th 20, 30 (1st Cir. 2021) ("no case of the Supreme Court holds that a single objective exemption renders a rule not generally applicable."); *see also We the Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 288 (2d Cir. 2021) (finding that providing medical exemptions but no religious exemption to vaccine mandate did not mean that the rule was not generally applicable). District Attorney Krasner took the necessary steps to ensure the health and safety of the DAO workforce by denying all exemptions, other than those that were constitutionally required. *See Jacobson* 197 U.S. at 38-39 (noting that mandatory vaccination is constitutional but medical exemptions may be required).

Allowing that one medical exemption to the vaccine requirement does not amount to prohibiting "religious conduct while permitting secular conduct that undermines the government's asserted interests in a similar way." *Fulton*, 141 S. Ct. at 1877. As previously explained, the purpose of the vaccine mandate was to prevent the spread of Covid within the office, to minimize staffing disruptions caused by workplace exposures, and to protect medically-vulnerable employees, family members, and participants in the criminal justice system. Ex. A 20:7-24:2; 93:16-95:13; Ex. I at 118:16-122:9. Permitting one medical exemption for an employee for whom the vaccine is medically contraindicated does not undermine the purpose of the vaccine mandate. On the contrary, it furthers the purpose of protecting medically-vulnerable employees by ensuring that they are not subjected to vaccines that may harm them due to their medical conditions. *See W.D. v. Rockland Cty.*, 521 F. Supp. 3d 358, 406 (S.D.N.Y. 2021) ("[T]he medical exemption furthered Defendants' public health purpose by encouraging community-wide vaccination on the one hand, and protecting the lives and safety of those who could not be vaccinated, on the other.")

PHDATA 8260199_3

### 3. The DAO has a Rational Basis for Enforcing its Vaccine Mandate

The Court should grant summary judgment for District Attorney Krasner because the record clearly establishes a rational basis for the DAO's vaccine mandate, even though the vaccine mandate may incidentally burden Ms. Spivack's religious practice. Ex. A at 20:7-24:2; 93:16-95:13; Ex. I at 118:16-122:9.

The vaccine mandate has far exceeded rational basis review's minimum threshold of achieving "some legitimate governmental purpose." *See Brown v. City of Pittsburgh*, 586 F.3d 263, 284 (3d Cir. 2009). There is no genuine issue of material fact that the DAO's goal of preventing the spread of COVID-19 amongst its employees and the public is undoubtedly a legitimate interest, and rationally related to achieving the DAO's goal of preventing the spread of Covid. *Roman Catholic Diocese v. Cuomo*, 141 S. Ct. 63, 67 (2020) (stating that stopping the spread of COVID-19 was a compelling interest); *see We the Patriots USA, Inc.,* 17 F.4th at 290 (finding vaccine mandate for healthcare workers "easily" met rational basis standard).

Accordingly, the Court should grant summary judgment for District Attorney Krasner on Ms. Spivack's First Amendment Claim.

PHDATA 8260199_3

## CONCLUSION

For the foregoing reasons, District Attorney Krasner respectfully requests that the

Court enter summary judgment in his favor and dismiss Ms. Spivack's RFPA and First

Amendment claims with prejudice.

Respectfully submitted,

/s/ David Smith, Esquire
David Smith (Attorney I.D. 21480)
Anne E. Kane (Attorney I.D. 81872)
Samantha Banks (Attorney I.D. 319401)

*Counsel for Defendant Lawrence S. Krasner*

SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, PA  19103-7286
(215) 751-2000

Of Counsel.

Dated:  September 13, 2022

PHDATA 8260199_3